STATE of Tennessee, Appellee,

v.

Mary DEBRO, Appellant.

No. 1186.

Court of Criminal Appeals of Tennessee, at Knoxville.

Jan. 5, 1989.

Permission to Appeal Denied by Supreme Court April 3, 1989.

Miriam Nabors Banks, Asst. Atty. Gen., Nashville, Fred Bright, Asst. Dist. Atty., Gen., Knoxville, for appellee.

Ronald P. Smith, Knoxville, for appellant.

## OPINION

DAUGHTREY, Judge.

The defendant, Mary Debro, was convicted of selling pethidine, a schedule II con-

trolled substance, and was sentenced to nine years in prison as a Range II, aggravated offender. She was also fined $15,-000. On appeal, she contends that her Range II sentence is illegal because the state's notice to seek enhanced punishment was defective. We find no reversible error in the sentencing order and affirm.

There can be no dispute about the defective nature of the notice of enhancement. It alleged that the defendant was subject to sentencing as an especially aggravated offender under TCA § 40–35–107, because she was on release status at the time she committed the instant offense. This much of the notice was correct. However, in compliance with the mandate of TCA § 40–35–202(a) that the notice specify the *nature* of the defendant's release status, it further alleged that the defendant had been released on parole on a former conviction, when in fact she had been released on bail pending trial on that offense.

Of course, the defendant had actual knowledge of the state's inadvertent mistake all along, a fact which her attorney conceded to the trial court and to this court during oral argument on appeal, because she herself knew that she was on bail and not on parole at the time of her subsequent arrest in this case. Even a casual observer could have discerned the mistake, since the notice alleged an impossible date, that is, that the defendant was on parole from a conviction which occurred, in fact, many months *after* the date on which the offense in this case occurred.

Nevertheless, the mistake in the notice was not caught until the day of trial, after the jury had already been impanelled. The sentencing hearing was held two months later.

At that time, the defendant argued that the defect was so substantial that the state's notice was void, amounting to no notice at all, and that Range II sentencing was therefore not an option. In response, the state referred to the mistake as a "clerical discrepancy" and pointed out to the court that in a companion case, in which

the defendant was later acquitted, the state's notice of intent to seek enhancement had correctly alleged her release status as being on bail. Thus, the prosecutor argued, the defendant had constructive notice, as well as actual knowledge, of the basis for the state's intent to seek enhanced punishment. The state further argued that the defendant could not claim surprise and noted that the time requirements of Rule 12.3, Tennessee Rules of Criminal Procedure, had been met.

The trial judge ruled in favor of the state, observing that to accept the defendant's argument, he would have to equate the pleading requirements of the enhancement notice with those of an indictment. Such an equation, he concluded, was not intended by the legislature, nor had it been engrafted on the statute by the courts.

We agree, and we look to a recent decision of the Tennessee Supreme Court for guidance in this regard. In *State v. Stephenson*, 752 S.W.2d 80 (Tenn.1988), the court was called upon to decide a case in which the enhancement notice had not been filed until the day of trial, in violation of the provision in Rule 12.3(a) that notice, under normal circumstances, must be given "not less than ten days prior to trial." The court held that "the fact that notice is not filed until the date trial begins does not render the notice ineffective in the absence of some showing of prejudice on the part of the accused," particularly in the absence of a motion for continuance or postponement of trial, as authorized by the rule. *Id.* at 81. Indeed, said the court, if the defendant does not seek a continuance under these circumstances, "any objection to the delayed notice ... ordinarily should be deemed to have been waived." *Id.*

The problem now before us is a matter of defect in content rather than delay in filing, and in the absence of a clear directive by the Supreme Court, we are unwilling to extend the *Stephenson* waiver doctrine to the facts before us. We reach this conclusion for two reasons. The first relates to the nature of Rule 12.3. The concern of

the rule is with the form and timely filing of the notice, not with its content. Hence, continuance may well represent adequate relief for delay in filing, and waiver may be properly invoked for failure to seek a continuance in such cases, but such a stringent sanction might not be equally appropriate to remedy of defects in content. Second, the correction in the notice in this case did not occur until after the jury was seated. Experience has shown that motions for continuance made at a point where the jury has been sworn and the trial is virtually underway are not well-received by trial judges, for obvious reasons. To require the making of a doomed motion in order to avoid the trap of waiver would merely enshrine a formality.

We are persuaded, however, that a requirement that the defendant show prejudice is as essential to a grant of relief in the case of a defect as it was in *Stephenson* to the question of delay. We find in this case that the defendant has failed to show any prejudice arising from the defective notice. Going farther, it affirmatively appears that no prejudice could have been shown, because the defendant had both actual knowledge of her release status and constructive notice of the state's intent through the notice filed in the companion case. Hence, we find that the trial court did not err in imposing a Range II sentence.

In reaching this conclusion, we reject defense counsel's argument that his client is entitled to rest on the state's notice to seek enhanced punishment, just as she is entitled to rest on the terms of an indictment. The comparison is, in our judgment, unsound. In the case of the allegations contained in an indictment, an accused is considered innocent, and therefore ignorant, of the offense until proven guilty. No such "presumption of ignorance" can be said to attach to allegations in the sentencing notice involving the defendant's prior record or release status, even though those allegations must be proven beyond a reasonable doubt to the trial judge's satisfaction. By its very nature, the notice concerns facts necessarily known to (or verifiable by) the defendant.

We therefore hold that in the absence of any demonstrated prejudice, the defect in the state's notice to seek enhanced punishment was not so substantial as to require Range I sentencing.

The judgment of the trial court is affirmed.

BIRCH, J., and JOHN D. TEMPLETON, Special Judge, concur.