STATE of Tennessee, Appellant,

v.

Joe C. ADAMS, Appellee.

Supreme Court of Tennessee,
at Nashville.

April 16, 1990.

**558**

Dale M. Quillen, Michael J. Flanagan, Nashville, for appellee.

Charles W. Burson, Atty. Gen. and Reporter, C. Anthony Daughtrey, Asst. Atty. Gen., Nashville, for appellant.

## OPINION

DROWOTA, Chief Justice.

This appeal concerns the statutory requirement that an accused be informed before trial or acceptance of a guilty plea if the State intends to seek an enhanced sentence. T.C.A. § 40–35–202(a) (1982). We have previously held that non-compliance with the rule of procedure requiring notice to be filed at least ten days before trial will not bar enhanced sentencing in the absence of prejudice. *State v. Stephenson,* 752 S.W.2d 80 (Tenn.1988) (construing Tenn.R. Crim.P. 12.3). We granted the State's application in this case to consider whether a similar requirement of prejudice applies when the defect is in the content rather than the timing of the notice. We hold that it does.[1]

Defendant Adams was convicted of felonious possession of marijuana. Prior to trial the State had filed a document entitled

"Notice to Seek Enhanced Punishment." At a sentencing hearing the trial court found him to be an especially aggravated offender and accordingly imposed a Range II sentence. See T.C.A. § 40–35–107, –109 (1982). The Court of Criminal Appeals concluded the notice was insufficient as a matter of law and vacated the sentence. The case has been submitted to us without oral argument.

■ The notice in this case recited that under the authority of "T.C.A. § 40–32–202" [sic] the State would seek "Enhanced Punishment within the range to which the defendant would be subjected." Defendant was placed on notice of five "enhancement factors," which were simply quoted from T.C.A. § 40–35–111 (1982), and numbered (1), (2), (8), (9), and (10) as in that section.

This is not the notice contemplated by the statute at issue.

Subsection (a) of the notice statute provides that before trial the State must inform an accused in writing if, and on what basis, it seeks other than a standard sentence; i.e., additional years for a repeated offense or one of the circumstances that mandate Range II sentencing (especially aggravated offense or persistent offender status). The notice must also include factual detail supporting the status alleged, usually precise information about former convictions.

Subsection (b) of the statute provides for a statement of applicable "enhancement" and "mitigating" factors from T.C.A. §§ 40–35–110, –111, which may be required at the trial court's discretion after conviction. It is not uncommon for parties to file such a statement without court order. These factors are to be considered by the trial court in setting the specific term of years within an already determined Range. T.C.A. § 40–35–210(a), (b)(5). They have nothing to do with choosing the appropriate sentencing Range, which is governed by other sections. *See generally* T.C.A.

---

1. The notice requirement is retained in the 1989 Sentencing Reform Act, with modifications reflecting the new sentencing categories. T.C.A. § 40–35–202(a) (Supp.1989).

§§ 40–35–106 through –109; *State v. Moss*, 727 S.W.2d 229 (Tenn.1986).

The purpose of subsection (a) is to provide fair notice to an accused that he is exposed to other than standard sentencing. It is intended to order plea-bargaining, to inform decisions to enter a guilty plea, and to aid to some extent trial strategy. Notice is important not only in preparation for a sentencing hearing, but in evaluating the risks and charting a course of action before trial. The Legislature has expressly placed the responsibility of notice upon the district attorney, along with the discretion to seek enhanced sentencing.

When the notice is given only shortly before trial, an accused may not rest on the State's error, but must claim needed time by seeking a continuance and show some prejudice from the late filing. *See Stephenson*, supra. Although a continuance might be a partial remedy in some circumstances, it would not ordinarily suffice to correct misinformation. When a detail of the required information is omitted or incorrect, the inquiry should be whether the notice was materially misleading. Where an ambiguity or contradiction appears on the face of the notice, defendant has a duty to inquire further.

The issue is discussed at some length in *State v. Debro*, 767 S.W.2d 932 (Tenn.Cr.App.1989), where the notice included all the required information, but incorrectly described the defendant's release status as parole, rather than bail. Defendant conceded she noticed the error and knew the correct information. The Court sustained Range II sentencing in the absence of prejudice, particularly refusing to impose the rigid conformance required in an indictment.

The reasoning in that case is sound, but it cannot be stretched to validate a notice that gives no relevant information at all.

Here, the notice should have stated that Adams had committed an especially aggravated offense and that he was on probation from a felony conviction at the time of the offense. It should have given details of the former judgment. It contained none of this information. Not only was it wholly inadequate to advise that a Range II sentence was sought, it was positively misleading, as it dealt exclusively with matters relevant to another phase of sentencing.

The record shows that Defendant was prepared to contest the former conviction at the sentencing hearing, three months after the trial. This does not show he had constructive notice before the trial; nor does the State assert that it gave oral notice before trial. *Cf. Stephenson*, 752 S.W.2d at 81 (citing *Crump v. State*, 672 S.W.2d 226 (Tenn.Cr.App.1984)).

Thus, we hold that when the State has substantially complied with Section 40–35–202(a), an accused has a duty to inquire about an ambiguous or incomplete notice and must show prejudice to obtain relief. But it is the State's responsibility to assert the appropriate sentencing status in the first instance, and it may not shift these burdens to an accused by filing what is essentially an empty notice.

Accordingly, the judgment of the Court of Criminal Appeals is affirmed, and the case is remanded to the trial court for re-sentencing.

FONES, COOPER, HARBISON and O'BRIEN, JJ., concur.