IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 19, 2001

## STATE OF TENNESSEE v. TOMMY G. BENHAM

**Direct Appeal from the Criminal Court for Davidson County**
**No. 98-C-2234     J. Randall Wyatt, Jr., Judge**

_____

**No. M2000-02357-CCA-R3-CD - Filed March 19, 2002**

_____

Jerry L. Smith, J., dissenting.

Because I believe the majority opinion essentially reduces the requirements of Tennessee Code Annotated section 40-35-202 (a) to a superfluity, I must respectfully dissent.

The majority concludes that a discovery response provided by the State to a defendant pursuant to Tennessee Rule of Criminal Procedure 16(a)(1)(B) is sufficient to shift the burden of proof to a defendant to make further inquiry as to the State's intentions at sentencing.[1] The majority also would require defendants who receive such a discovery response to demonstrate prejudice as a result of the form of the notice in order to obtain relief on appeal. In support of the former preposition the majority relies on State v. Adams, 788 S.W.2d 557 (Tenn. 1990), and in support of the latter State v. Debro, 787 S.W.2d 932, 934 (Tenn. Crim. App. 1989). However, in both Adams and Debro the State filed the notice document required by section 40-35-202(a). The only question in those cases was the adequacy of the contents of the document. Nothing in either of those cases permits the State in its attempts to boost the defendant's sentencing range to rely on documents other than a section 40-35-202(a) notice, documents which themselves do not even contain all the information specified in section 40-35-202(a).

When the legislature enacted Tennessee Code Annotated section 40-35-202(a), it presumably was aware of Tennessee Rule of Criminal Procedure 16(a)(1)(B). See, State v. Mixon, 983 S.W.2d 661 (Tenn. 1999) (holding that legislature is presumed to know existing law when enacting a statute); State v. Levandowski, 955 S.W.2d 603 (Tenn. 1997) (same); Fletcher v. State, 951 S.W.2d 378 (Tenn. 1997)(same). It is apparent that body was of the opinion that a more complete picture of a defendant's prior criminal background than that provided by Rule 16(a)(1)(B) was necessary for fair notice at sentencing. The burden of providing that more complete picture was placed by the legislature on the prosecution in a criminal case. Yet the majority's opinion reduces section 40-35-202(a) to a superfluity when the State has complied with Rule 16(a)(1)(B). In other words,

---

[1] Rule 16(a)(1)(B) requires the State upon request to furnish the defendant a copy of his prior criminal record.

compliance by the State with Rule 16(a)(1)(B) will now shift the burden to the defendant to inquire further as to the details of the defendant's prior record and the State's intention at sentencing, even though, as in the instant case, the discovery response does not fully set out all the information required by section 40-35-202(a).

I do not believe that the legislature intended that compliance with Rule 16(a)(1)(B) would relieve the State of the burden of providing without request the full picture of the defendant's prior criminal background required by section 40-35-202(a). For this reason, I respectfully dissent and would reverse and remand this case for re-sentencing upon the State's compliance with section 40-35-202(a). See, Adams, 788 S.W.2d at 559 (holding remand for re-sentencing appropriate remedy for failure to comply with notice requirement of section 40-35-202(a)).

_____

JERRY L. SMITH, JUDGE