# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs September 19, 2001

## STATE OF TENNESSEE v. TOMMY G. BENHAM

**Appeal from the Criminal Court for Davidson County**
**No. 98-C-2234     J. Randall Wyatt, Jr., Judge**

_____

### No. M2000-02357-CCA-R3-CD - Filed March 19, 2002
_____

The defendant, Tommy G. Benham, was convicted of two counts of attempted aggravated robbery, a Class C felony. The trial court sentenced the defendant as a Range III, persistent offender to eleven years on each count, to be served concurrently. In this appeal of right, the defendant argues that the state failed to provide notice that it would seek enhanced punishment, as required by Tennessee Code Annotated section 40-35-202(a). The judgments of the trial court are affirmed.

**Tenn. R. App. P. 3; Judgments of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which DAVID G. HAYES J., joined. JERRY L. SMITH, J., filed a dissenting opinion.

Jodie A. Bell (at trial) and Jeffrey A. DeVasher (on appeal), Assistant Public Defenders, for the appellant, Tommy G. Benham.

Paul G. Summers, Attorney General & Reporter; Jennifer L. Bledsoe, Assistant Attorney General; and Eric Herbert, Assistant District Attorney General, for the appellee, the State of Tennessee.

## OPINION

On July 6, 1999, Bobby Raymer, Jr., was working as an attendant at the Swifty Oil service station on Gallatin Road in Nashville. At approximately 4:40 P.M., the defendant approached Raymer, put "a little paring knife" to his throat, and demanded money and cigarettes. The defendant threatened to kill Raymer if he did not comply. When Raymer slapped the defendant's hand, the knife scratched the back of his arm. Raymer ran, warning the manager of the service station, Joe Redd, to watch out for the defendant. The defendant stabbed Redd in the chest with the knife. A button on Redd's shirt prevented the knife from penetrating his chest. Redd then grabbed the defendant by the arm and forced him to drop the knife. When Redd picked up a windshield cleaner and swung at the defendant, the defendant fled.

As the defendant ran away, he was pursued by three men who had witnessed the altercation. The men eventually caught the defendant and a struggle ensued. The defendant received injuries to his face and was hospitalized for several days.

At the sentencing hearing, the defendant argued that he should be sentenced as a Range I, standard offender because the state had failed to provide notice of its intent to seek enhanced punishment. The state argued that its response to the defendant's request for discovery served as notice that the state intended to seek punishment in excess of Range I.

Approximately two weeks later, the trial court ruled that the state would be allowed to introduce proof that the defendant qualified as a Range III, persistent offender. When the hearing resumed, Deputy Criminal Court Clerk Barbara Wise testified that the defendant had been convicted in November of 1996 of three counts of theft over $1,000. Further, Ms. Wise testified that the defendant was convicted of four counts of forgery in December of 1991, a weapons charge in December of 1989, grand larceny in August of 1988, and burglary in February of 1987. All of the convictions were felonies.

Based on the defendant's criminal history, the trial court concluded that he was a Range III, persistent offender and found that enhancement factor (1), that the defendant had a previous history of criminal behavior greater than that necessary to qualify him as a Range III offender, was applicable. See Tenn. Code Ann. § 40-35-114(1). The defendant's history of substance abuse and his remorse for the crimes were deemed mitigating factors. The trial court imposed a sentence of eleven years, one year greater than the minimum, for each count and ordered that the sentences be served concurrently.

In this appeal, the defendant contends that the trial court erred by sentencing him as a Range III, persistent offender because the state failed to provide notice of its intent to seek enhanced punishment in compliance with Tennessee Code Annotated section 40-35-202(a). The defendant does not, however, contend that he would not otherwise qualify for Range III sentencing. The state argues that its response to the request for discovery, which included the defendant's prior criminal history, placed the defendant on notice that his prior convictions would be used for enhancement purposes.

When there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this court to conduct a *de novo* review with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991); see State v. Jones, 883 S.W.2d 597, 600 (Tenn. 1994). "If the trial court applies inappropriate factors or otherwise fails to follow the 1989 Sentencing Act, the presumption of correctness falls." State v. Shelton, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992). The Sentencing Commission Comments provide that the burden is on the defendant to show the impropriety of the sentence. Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments.

Our review requires an analysis of (1) the evidence, if any, received at the trial and sentencing hearing; (2) the presentence report; (3) the principles of sentencing and the arguments of counsel relative to sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancing factors; (6) any statements made by the defendant in his own behalf; and (7) the defendant's potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, -210; State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

In calculating the sentence for a Class C felony conviction, the presumptive sentence is the minimum in the range if there are no enhancement or mitigating factors. Tenn. Code Ann. § 40-35-210(c). If there are enhancement but no mitigating factors, the trial court may set the sentence above the minimum, but still within the range. Tenn. Code Ann. § 40-35-210(d). A sentence involving both enhancement and mitigating factors requires an assignment of relative weight for the enhancement factors as a means of increasing the sentence. Tenn. Code Ann. § 40-35-210(e). The sentence must then be reduced within the range by any weight assigned to the mitigating factors present. Id.

If the trial court's findings of fact are adequately supported by the record, this court may not modify the sentence even if it would have preferred a different result. State v. Fletcher, 805 S.W.2d 785 (Tenn. Crim. App. 1991). The presumption of correctness is, however, "conditioned upon the affirmative showing in the record that the trial court considered sentencing principles and relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The trial court must place on the record the reasons for the sentence. State v. Jones, 883 S.W.2d 597 (Tenn. 1994).

Tennessee Code Annotated section 40-35-202 provides in pertinent part as follows:

> If the district attorney general believes that a defendant should be sentenced as multiple, persistent, or career offender, the district attorney general shall file a statement thereof with the court and defense counsel not less than ten (10) days before trial or acceptance of a guilty plea; provided, that notice may be waived by the defendant in writing with the consent of the district attorney general and the court accepting the plea. Such statement, which shall not be made known to the jury determining the guilt or innocence of the defendant on the primary offense, must set forth the nature of the prior felony convictions, the dates of the convictions and the identity of the courts of the convictions.

Tenn. Code Ann. § 40-35-202(a). The purpose of the notice requirement is to provide a defendant with "fair notice" that he is "exposed to other than standard sentencing." State v. Adams, 788 S.W.2d 557, 558 (Tenn. 1990). The requirement is intended to facilitate plea-bargaining, to inform decisions to enter a guilty plea, and to assist with decisions regarding trial strategy. Id. When the information provided is incomplete or incorrect, the inquiry is whether the notice was "materially misleading." Id. at 559. When the state substantially complies with the notice requirement, the defendant "has a duty to inquire about an ambiguous or incomplete notice and must show prejudice to obtain relief." Id. In Adams, our high court ultimately determined that the notice given by the

state did not provide details of former judgments and, "[n]ot only was it inadequate to advise that a Range II sentence was sought, it was positively misleading, as it dealt exclusively with matters relevant to another phase of sentencing." Id.

In this case, the state's discovery response, filed some eight months before the trial date, contains the following statement:

> Pursuant to Rule 16(a)(1)(B) Tenn. R. Crim. P., the defendant's prior record is as follows: **See Attached. State provided defendant's out of county record to defense earlier in court. The defendant, based on his overall record, is a career offender.**
> Should the defendant testify at trial, the State intends to use the prior criminal record during cross-examination for impeachment purposes and enhancement purposes pursuant to State v. Morgan, 541 S.W.2d 385, Tennessee Rules of Evidence, 609 and 405, and T.C.A. § 40-35-202.

The trial court concluded that the response, coupled with an attached printout detailing the defendant's prior convictions, "substantially complied" with the notice requirement. It ruled that the response by the state shifted the burden to the defendant to inquire about any deficiencies in the notice.

In our view, the pleadings filed by the state qualified as more than "empty notice." See Adams, 788 S.W.2d at 559. The information provided by the state, although incorrect in that it suggested that the defendant would qualify as a career offender, one grade higher than a persistent offender, placed the defendant on notice that the state was seeking enhanced range classification.

Although not specifically required, Tennessee Code Annotated section 40-35-202(a) appears to contemplate the filing of a separate notice. The statute makes reference to "a statement" and requires notice of the nature and dates of prior convictions, as well as the identity of the court in which the prior convictions were obtained. In this instance, the discovery response was timely, was filed well in advance of trial, and included the requisite information. To mandate the filing of a separate document would place form over substance. See Tenn. Code Ann. § 40-35-202(a).

The notice was sufficiently clear to shift the burden to the defendant to inquire about any ambiguities he perceived. See Adams, 788 S.W.2d at 559. Most importantly, the defendant has not demonstrated any prejudice as a result of the form of the notice. See State v. Debro, 787 S.W.2d 932, 934 (Tenn. Crim. App. 1989). Thus, a reduced sentencing classification is not warranted. Our supreme court has held that absent the showing of prejudice, a continuance of the proceedings is the defendant's exclusive remedy. See Stephenson, 752 S.W.2d at 81.

Accordingly, the judgment of the trial court is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE