IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs December 18, 2001

## STEVE V. WALKER v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Hamilton County**
**No. 166974     Douglas A. Meyer, Judge**

---

**No. E2001-00322-CCA-R3-CD**
**June 3, 2002**

---

The Petitioner filed a petition for writ of habeas corpus, alleging that his sentence was illegal because: (1) he was improperly sentenced as a persistent offender; (2) his sentence was improperly enhanced because he did not receive the State's notice of intent to seek enhanced punishment; (3) the record of his prior criminal convictions relied upon to sentence him was inaccurate; and (4) his counsel was ineffective. The trial court denied the Petitioner's request for habeas corpus relief, and the Petitioner appealed. Because the Petitioner has failed to allege grounds that would warrant habeas corpus relief, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and THOMAS T. WOODALL, JJ., joined.

Steve V. Walker, Tiptonville, Tennessee, pro se.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; Patricia C. Kussmann, Assistant Attorney General; for the Appellee, State of Tennessee.

**OPINION**

In 1987, a Hamilton County jury convicted the Petitioner, Steve V. Walker, of armed robbery, and the trial court sentenced him to life imprisonment as a Range II aggravated and persistent offender. This Court affirmed the conviction and sentence on direct appeal. State v. Jeffery Boozer and Stephen V. Walker, No. 1061, 1988 Tenn. Crim. App. LEXIS 477, at *8 (Tenn. Crim. App., Knoxville, July 21, 1988). The post-conviction court denied a subsequent petition for post-conviction relief alleging ineffective assistance of counsel, and this Court affirmed the denial on appeal. Steven Vincent Walker v. State, No. 03C01-9205-CR-169, 1992 Tenn. Crim. App. LEXIS 927, at *6 (Tenn. Crim. App., Knoxville, Dec. 17, 1992). On November 8, 2000, the Petitioner filed a petition for a writ of habeas corpus in the Hamilton County Criminal Court, alleging that his sentence was illegal because he did not qualify as a persistent offender under

Tennessee Code Annotated § 40-35-107; that his sentence was improperly enhanced because he did not receive the State's notice of intent to seek enhanced punishment; that the record of his prior criminal convictions relied upon to sentence him was inaccurate; and that he received ineffective assistance of counsel.[1]  The trial court entered an order and memorandum denying the petition.

After concluding that the Petitioner had not complied with the venue provisions of Tennessee Code Annotated § 29-21-105 or the mandatory pleading provisions of Tennessee Code Annotated § 29-21-107, the trial court determined that the Petitioner was actually seeking re-sentencing. Determining that none of the Petitioner's allegations were cognizable in habeas corpus proceedings, the trial court dealt with the petition for a writ of habeas corpus as if it were actually a motion to correct an illegal sentence.  The trial court then concluded that the sentence imposed was legal. However, the trial court corrected the judgment which incorrectly classified the Petitioner "as a persistent and aggravated offender," rather than classifying the Petitioner as a persistent offender and the Petitioner's offense as an especially aggravated one.  This appeal ensued.

Article I, Section 15 of the Tennessee Constitution guarantees its citizens the right to seek habeas corpus relief.  In Tennessee, a "person imprisoned or restrained of [his] liberty, under any pretense whatsoever . . . may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment . . . ." Tenn. Code Ann. § 29-21-101.  A writ of habeas corpus is available only when it appears on the face of the judgment or the record that the convicting court was without jurisdiction to convict or sentence the defendant, or that the sentence of imprisonment or other restraint has expired.  Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992).  Thus, the grounds upon which habeas corpus relief will be granted are very narrow. State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000).  Additionally, the procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed.  Archer, 851 S.W.2d at 165. It is permissible for a trial court to summarily dismiss a petition of habeas corpus, without the appointment of a lawyer, and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void.  Passarella v. State, 891 S.W.2d 619 (Tenn. Crim. App. 1994).  Because the determination of whether habeas corpus relief should be granted is a question of law, our review is de novo with no presumption of correctness.  Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000).

In our view, the trial court in this case correctly denied the Petitioner's request for habeas corpus relief.  The Petitioner does not allege that the Hamilton County Criminal Court lacked jurisdiction to convict or sentence him.  The Petitioner's sentence has not expired.  Thus, there were no grounds for habeas corpus relief.

The trial court elected to treat the petition as a motion to correct an illegal sentence.  After carefully reviewing the allegations in the petition, the trial court determined that the Petitioner's sentence was not illegal.  Noting that the judgment of conviction incorrectly classified the Petitioner

---

[1]The Petitioner has not pursued the ineffective assistance of counsel issue on appeal.

as a "persistent and aggravated offender" instead of classifying the Petitioner as a "persistent offender" and his offense as an "especially aggravated" one, the trial court corrected the clerical error pursuant to Tennessee Rule of Criminal Procedure 36.

The Petitioner's initial claim that his life sentence is illegal because it is outside the guidelines of the Criminal Sentencing Reform Act of 1982 is clearly without merit. The Defendant was convicted in 1987. Under Tennessee Code Annotated § 39-2-501(a) (1981) (repealed), a term of imprisonment of not less than ten years to life imprisonment was authorized for the crime of robbery accomplished by the use of a deadly weapon. The evidence at trial established that the Petitioner, armed with a pistol, robbed the clerk of a gas station. The Petitioner was convicted of robbery accomplished by the use of a deadly weapon, therefore, the life sentence imposed was within the applicable range of punishment for the offense.

The Petitioner next contends that his sentence is illegal because his offense was improperly classified as an especially aggravated offense. Pursuant to Tennessee Code Annotated § 40-35-107(3)(C) (1982) (repealed), the fact that the Petitioner was on probation at the time he committed the offense justifies the classification of the offense as an especially aggravated offense. This issue has no merit.

The Petitioner further argues that his sentence is illegal due to the State's failure to properly notify him that it intended to seek enhanced punishment based upon his prior convictions. The Petitioner also contends that the State relied upon an inaccurate record of his prior convictions. The trial court determined that the State gave the Petitioner timely notice that it intended to seek enhancement of his punishment as a "persistent offender" on the grounds of his 1980, 1981, and 1984 felony convictions. The trial court also determined that the State properly notified the Defendant that he would be sentenced for an especially aggravated offense due to his probation status at the time of the commission of the predicate offense. Despite the State's wording the notice in terms of "especially aggravated offender" instead of "especially aggravated offense," the trial court did not find the State's notice defective. We agree. The trial court further pointed out that a defect in the notice of intent to seek sentence enhancement does not render an enhanced sentence illegal. State v. Debro, 787 S.W.2d 932, 933-934 (Tenn. Crim. App. 1989). This claim is likewise without merit.

Finally, the Petitioner argues that the trial court did not properly weigh the applicable enhancement and mitigating factors when sentencing the Petitioner to life imprisonment. As the State notes in its brief, "a sentence is not 'illegal' simply because a defendant does not agree with the application of enhancement and mitigating factors." See Taylor v. State, 995 S.W.2d 78, 84 (Tenn. 1999). This issue is also without merit.

Accordingly, the judgment of the trial court is affirmed.

_____

ROBERT W. WEDEMEYER, JUDGE