IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs February 3, 2009

## JEROME DANCE v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Gibson County**
**Nos. 16296, 16297     Jerry Scott, Judge**

_____

**No. W2008-00692-CCA-R3-PC  - Filed August 12, 2009**
_____

The petitioner, Jerome Dance, appeals the Gibson County Circuit Court's denial of his petition for post-conviction relief.  He was convicted of two counts of sale of cocaine over .5 grams, Class B felonies, and one count of sale of cocaine less than .5 grams, a Class C felony.  Subsequently, he was sentenced, as a Range II offender, to an effective term of thirty-five years in the Department of Correction.  On appeal, the petitioner contends that he was denied effective assistance of counsel. He specifically argues that trial counsel was ineffective in failing to: (1)  object to an insufficient Notice of Enhancement Factors filed by the State; (2) file a motion for recusal of the trial judge; (3) adequately prepare for the sentencing hearing; (4) inform the petitioner of a plea offer and to adequately advise him that he would not be sentenced as a Range I offender if he proceeded to trial; and (5) pursue a Rule 11 application to appeal with the Tennessee Supreme Court or to properly withdraw.  Following review of the record, the denial of post-conviction relief is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which J.C. MCLIN and CAMILLE R. MCMULLEN, JJ., joined.

Barbara Hobock and Cynthia Chandler-Snell, Humboldt, Tennessee, for the appellant, Jerome Dance.

Robert E. Cooper, Jr., Attorney General and Reporter; Elizabeth B. Marney, Senior Counsel; Garry G. Brown, District Attorney General; and Stephanie J. Hale, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Factual Background**

Following three undercover buys, the petitioner was arrested and charged with two counts of sale of cocaine over .5 grams and one count of sale of cocaine under .5 grams.  *State v. Jerome Dance*, No. W2004-00576-CCA-R3-CD (Tenn. Crim. App., at Jackson, Feb. 25, 2005), *perm. to*

*appeal denied* (Tenn. May 31, 2005). Following his conviction by a jury for the charged offenses, the petitioner was sentenced, as a Range II offender, to an effective term of thirty-five years in the Department of Correction. He filed a direct appeal to this court challenging only the sentence, which a panel of this court affirmed. *Id*.

The petitioner then filed a timely *pro se* petition for post-conviction relief, as well as an amended *pro se* petition, asserting, among other grounds, that he was denied the effective assistance of counsel. Following the appointment of counsel, a second amended petition was filed with the court. At a subsequent post-conviction hearing, both the petitioner and trial counsel testified.

## Post-Conviction Hearing

Trial counsel testified that he was appointed to represent the petitioner and did so through the trial level. He testified that the petitioner was arrested approximately one year to eighteen months after the undercover sales. During the intervening time, the petitioner had moved to Kentucky and was making an effort to improve his life by getting away from the drug culture. However, when he returned to Tennessee for a visit, he was arrested and charged with the prior crimes. According to trial counsel's notes, the State originally conveyed an offer to trial counsel for a term of twenty years as a Range III offender. Trial counsel relayed this offer to the petitioner, who refused the agreement. A second offer was made by the State for the petitioner to serve ten years as a Range I offender. The petitioner also rejected this offer, stating that he wanted an agreement which allowed him to serve any sentence in rehabilitation. Trial counsel informed the petitioner that the ten-year offer was the best that he could negotiate with the State and that it was a good offer. Letters from trial counsel to the petitioner were introduced as evidence at the post-conviction hearing, and these letters detailed both plea offers extended to the petitioner. In the letter regarding the ten-year offer, trial counsel characterized the offer as "an extremely good offer" and warned the petitioner that the State's evidence was "more than adequate for a jury to convict him." Nonetheless, the petitioner insisted upon proceeding to trial. Prior to trial, counsel informed the petitioner that he would not be sentenced as a Range I offender if he was found guilty.

Trial counsel testified that, prior to trial, he received notice from the State of their intent to rely upon certain enhancement factors and notice that, based upon the petitioner's prior convictions, they intended to seek a sentence in a higher range. He acknowledged that the Notice to Seek Enhanced Punishment did not specify which range the State would seek to apply to the petitioner. However, he testified that this was standard practice and that it put him and the petitioner on notice that the petitioner would not be sentenced as a Range I offender. Trial counsel also testified that the Notice of Enhancement Factors did not contain a description of the petitioner's various prior convictions.

Trial counsel testified that prior to sentencing, he reviewed the presentence report, which he stated did not have prior judgments of conviction attached. Again, he testified that this was standard, and he made no objection to the admission of the report. Trial counsel stated that, at the sentencing hearing, he attempted to present evidence that the petitioner had changed his life prior to trial. Trial

counsel testified that he was not aware of a possible conflict of interest between the sentencing judge, a former prosecutor, and the petitioner.

Contrary to trial counsel's testimony, the petitioner testified that he was not informed of any plea offers extended by the State. He stated that he did not receive the letters which had been admitted into evidence. According to the petitioner, trial counsel informed him that he would receive a sentence of twenty to thirty years. He acknowledged that trial counsel had informed him that, due to his prior felony convictions, he could be sentenced outside Range I. However, he testified that he did not believe that would occur because his prior felonies had been in that category and that he was surprised that he went from a Range I to a Range III, skipping Range II completely. He also acknowledged on cross-examination that the trial courts which had taken his prior plea agreements had informed him that the convictions could be used to enhance future convictions.

After hearing the testimony and reviewing the evidence presented, the post-conviction court concluded that trial counsel was not ineffective and denied the petition. The petitioner appeals that decision.

**Analysis**

On appeal, the petitioner contends that the post-conviction court erred in finding that he had not been denied his Sixth Amendment right to the effective assistance of counsel. Specifically, he contends that trial counsel was ineffective by failing to: (1) object to an insufficient Notice of Enhancement Factors filed by the State; (2) file a motion for recusal of the trial judge; (3) adequately prepare for the sentencing hearing; (4) inform the petitioner of a plea offer and to adequately advise the petitioner that he would not be sentenced as a Range I offender; and (5) pursue a Rule 11 application to appeal with the Tennessee Supreme Court or to properly withdraw. To succeed on a challenge of ineffective assistance of counsel, the petitioner bears the burden of establishing the allegations set forth in his petition by clear and convincing evidence. T.C.A. § 40-30-110(f) (2006). The petitioner must demonstrate that counsel's representation fell below the range of competence demanded of attorneys in criminal cases. *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Under *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984), the petitioner must establish (1) deficient performance and (2) prejudice resulting from the deficiency. The petitioner is not entitled to the benefit of hindsight, may not second-guess a reasonably based trial strategy, and cannot criticize a sound, but unsuccessful, tactical decision made during the course of the proceedings. *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). This deference to the tactical decisions of trial counsel is dependent upon a showing that the decisions were made after adequate preparation. *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

It is unnecessary for a court to address deficiency and prejudice in any particular order, or even to address both if the petitioner makes an insufficient showing on either. *Strickland*, 466 U.S. at 697, 104 S. Ct. at 2069. In order to establish prejudice, the petitioner must establish a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the

outcome." *State v. Burns*, 6 S.W.3d 453, 463 (Tenn. 1999) (quoting *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068).

The issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact. *Id.* at 461. "[A] trial court's *findings of fact* underlying a claim of ineffective assistance of counsel are reviewed on appeal under a *de novo* standard, accompanied with a presumption that those findings are correct unless the preponderance of the evidence is otherwise." *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001) (citing Tenn. R. App. P. 13(d); *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997)). However, *conclusions of law* are reviewed under a purely *de novo* standard with no presumption that the post-conviction court's findings are correct. *Id.*

The post-conviction court, specifically accrediting the testimony of trial counsel, found that the advice given and services rendered by trial counsel "were clearly within the range of competence demanded of attorneys in criminal cases." Review of the record reveals nothing which preponderates against this finding.

**I. Sufficiency of Notice of Enhancement Factors**

First, the petitioner contends that the Notice of Enhancement Factors filed in the case was insufficient. Specifically, he argues that the State "failed to substantially comply with part (b) of Tennessee Code [Annotated section] 40-35-202, in that the Notice of Enhancement factors 'must set forth the nature of the prior felony convictions, the dates of the convictions and the identity of the courts of conviction.'" He contends that the State's failure to comply with this rule and trial counsel's failure to object to the lack of compliance resulted in his being misled for the purposes of properly informing him of how the notice could be used against him and diminished his ability to make an informed decision as to his guilty plea or assist in his defense at sentencing. He further argues that the "language used by the State in their Notice of Intent to Seek Enhanced Punishment, which stated that the [petitioner] 'should be sentenced as a Multiple, Persistent or Career Offender as may be applicable' was insufficient to give [him] proper notice of the sentence to which he was exposed," which hindered his ability to evaluate plea offers.

In support of his argument regarding the Notice of Enhancement Factors, the petitioner relies upon *State v. Taylor*, 63 S.W.3d 400, 412 (Tenn. Crim. App. 2001), and *State v. Adams*, 788 S.W.2d 557, 559. However, his reliance is misplaced. Both of those cases dealt with a Notice of Intent to Seek Enhanced Punishment rather than a Notice of Enhancement Factors. The language quoted by the petitioner indicating that the notice "must set forth the nature of the prior felony convictions, the dates of the convictions and the identity of the courts of the convictions," comes not from subsection (b) of Tennessee Code Annotated section 40-35-202(a) but from subsection (a). Subsection (a) details the proper procedure and requirements for a Notice of Intent to Seek Enhanced Punishment. With regard to this notice, case law has provided that, at a minimum, the statute requires that the State file: (1) written notice; (2) clearly expressing the State's intention to seek sentencing outside of the standard offender range; (3) setting forth the nature of the prior felony convictions, the dates of the convictions, and the identity of the courts of the convictions. *State v. Livingston*, 197 S.W.3d

710, 713-14 (Tenn. 2006). However, the court has held that notice is not insufficient merely because certified copies of prior convictions are not included. *State v. Alton Tappan*, No. W2006-00168-CCA-R3-CD (Tenn. Crim. App., at Jackson, May 29, 2007). After reviewing the Notice of Intent to Seek Enhanced Punishment in this case, though not challenged by the petitioner in this case, we conclude that it complies with these requirements. Included with each of the six convictions relied upon by the State are the date, the case number, the convicting court, and the type and class of each conviction. The petitioner's argument that it fails to specify which range the State would seek to classify the petitioner within is without merit.

Subsection (b) of Tennessee Code Annotated section 40-35-202 does govern the Notice of Enhancement Factors. However, contrary to the petitioner's contentions, this notice is discretionary in that the statute provides that "the court may require" a district attorney general to "file a statement with the court setting forth any enhancement or mitigating factors" believed to be applicable. However, there is no requirement that such notice contain a description of prior convictions if the State intends to rely upon the enhancement factor for prior criminal history.

Because we have concluded that the notices filed by the State in this case were sufficient, we cannot conclude that trial counsel was deficient for failing to object to said notices. Moreover, regardless of the sufficiency of the notice, the petitioner has wholly failed to establish any resulting prejudice. His claim that he was unable to adequately assess possible exposure based upon the notice is negated by trial counsel's testimony and the letter introduced as evidence that he specifically informed the petitioner of the likelihood that he would be sentenced as a Range III offender to a term between twenty and thirty years.

## II. Motion for Recusal

Next, the petitioner contends that trial counsel was ineffective for failing to file a motion for recusal of the sentencing court. His entire reference and argument to this contention in his brief are as follows: "The [petitioner's] counsel failed to file any motion that the judge recuse himself in the [petitioner's] case, even though the judge had in fact been the District Attorney who had played some role in prosecuting the [petitioner] in his prior criminal convictions."

After review, we conclude that the petitioner has failed to establish this claim. The petitioner testified at one point, though later contradicting himself, that he did not inform trial counsel of any possible conflict of interest with the sentencing judge. Trial counsel testified that he was unaware of a conflict. While some testimony was given that, at the time of the petitioner's prior convictions, the trial judge was, in fact, the elected district attorney, no evidence was put forth that he was in any way actively involved with the petitioner's cases. Thus, the petitioner failed to establish that a conflict existed. As such, trial counsel cannot be found deficient for failing to file a motion for recusal.

## III. Failure to Adequately Prepare for the Sentencing Hearing

With regard to this assertion, the petitioner contends that trial counsel was ineffective in failing to call witnesses at the sentencing hearing who could testify to his suitability for rehabilitation and by failing to have the petitioner evaluated to see if he was a proper candidate for drug and alcohol rehabilitation. Despite the petitioner's claim, little or no proof was presented on this claim at the post-conviction court hearing. Trial counsel did testify that, at the sentencing hearing, he had tried to establish that the petitioner had attempted to change his life prior to his arrest. However, he acknowledged that he did have the petitioner evaluated. Regardless of any possible deficiency in trial counsel's performance at sentencing, the petitioner has failed to establish prejudice. At the post-conviction hearing, the petitioner failed to call witnesses whom he claims could have testified at sentencing or to provide any evidence suggesting he would have been a candidate for rehabilitation. Without such testimony or evidence at the post-conviction hearing, any finding of prejudice by a court would be mere speculation. Thus, the petitioner's failure to present such evidence precluded a finding of prejudice. *See Black v. State*, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990).

## IV. Failure to Inform the Petitioner of Plea Agreement and Advise on Sentencing Range

Next, the petitioner contends that trial counsel failed to inform him of a ten-year plea offer made by the State and failed to adequately advise him that he would not be sentenced as a Range I offender if he proceeded to trial. He urges this court to consider that, while the petitioner had been informed that he "could" be sentenced outside Range I, based upon his prior criminal record, he "had been lulled into a false sense of security" because he had not been so sentenced in past pleas despite the same warning. At least, he contends, trial counsel should have made clear that it was not a "step-up" process where the petitioner would progress through the consecutive ranges. This argument is wholly without merit. The petitioner acknowledges that he was informed by both trial counsel and prior trial courts that his prior convictions could be used to enhance future sentences. His argument appears to ask this court to again reward the petitioner with a lower sentence because he had previously been given the benefit of not being punished to the fullest extent. That is not the province of this court.

The post-conviction court rejected the petitioner's contention that he had not been informed of the ten-year plea agreement offered by the State. The court, specifically accrediting the testimony of trial counsel, found that the petitioner had been informed of the offer and adequately advised of the possibility that he would be sentenced outside Range I. We find nothing in the record to preponderate against the finding. As previously noted, credibility determinations are best made by the lower court, and we will not disturb such determinations on appeal. *State v. Young*, 196 S.W.3d 85, 107 (Tenn. 2006).

## V. Appeal to Tennessee Supreme Court

Finally, the petitioner contends that trial counsel "failed to pursue the case further than the Court of Criminal Appeals and failed to alternatively withdraw as counsel from the case, virtually destroying the [petitioner's] ability to successfully move forward with his case following the appeal." According to the petitioner's brief, trial counsel failed to properly withdraw pursuant to Rule 14 of

the Rules of the Supreme Court, resulting in prejudice "because the [petitioner] proceeded *pro se* in his application" to our supreme court without knowledge of proper procedures.

From our review of the record, this issue was not raised in the petitions nor was it asserted at the post-conviction hearing. Moreover, no evidence presented at the hearing in any way establishes the validity of this claim. Thus, the petitioner has waived review of his assertion by his failure to raise the issue as well as his failure to establish it. *See Black v. Blount*, 938 S.W.2d 394, 403 (Tenn. 1996). Indeed, the only testimony elicited at the post-conviction hearing regarding the appeal of the petitioner's case established that trial counsel was not the attorney who handled the direct appeal of the petitioner's case.

## CONCLUSION

Based upon the foregoing, the denial of the petition for post-conviction relief is affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE