IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 13, 2010

## STATE OF TENNESSEE v. MELVIN SHORTY

**Direct Appeal from the Criminal Court for Shelby County**
**No. 08-04454    James Lammey, Jr., Judge**

---

**No. W2009-02284-CCA-R3-CD   -   Filed December 20, 2010**

---

The Defendant-Appellee, Melvin Shorty was convicted by a Shelby County jury of reckless homicide, a Class D felony.  Several months prior to trial the State filed a notice to seek enhanced punishment listing two of Shorty's prior Tennessee felony convictions.  The day before sentencing, the State amended their notice to seek enhanced punishment by adding two prior Wisconsin felony convictions.  The trial court determined that the amended notice failed to  substantially comply with the requirements of Tennessee Code Annotated section 40-35-202, and sentenced Shorty as a Range I, standard offender to four years in a workhouse.  In this appeal, the State contends that the trial court erred in sentencing Shorty as a Range I, standard offender, rather than a Range II, multiple offender because the original notice was sufficient to alert Shorty that they intended to seek enhanced punishment, and that Shorty has failed to show that he was prejudiced by the amended notice.  Upon review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which Thomas T. Woodall and John Everett Williams, JJ., joined.

Robert E. Cooper, Attorney General and Reporter; Rachel E. Willis, Assistant Attorney General; William L. Gibbons, District Attorney General; and William S. Crossnoe, Assistant District Attorney for the Appellant, State of Tennessee.

Robert W. Jones, Chief Public Defender; Tony N. Brayton, Assistant Public Defender, Memphis, Tennessee, for the Appellee.

**OPINION**

Shorty was charged with second degree murder; however, the jury convicted him of the lesser included offense of reckless homicide. Nearly seven months before trial, the State submitted a "Notice of Intent to Seek Enhanced Punishment Pursuant to T.C.A. § 40-35-202 . . ." which provided that Shorty "should be sentenced as a multiple . . . persistent . . . or career offender" based on Tennessee convictions for theft of property, aggravated assault, and intentionally evading arrest. The day before the sentencing hearing, the State filed a "Motion for Consideration of Enhancement Factors at Sentencing" seeking enhancement of Shorty's sentence based on the Tennessee felony convictions in addition to two felony convictions from Wisconsin. Significantly, the Wisconsin felonies were not included in the original notice of enhancement.

At the sentencing hearing, the State conceded that the two felonies from Tennessee were committed within the same twenty-four hour period and therefore constituted a single conviction for purposes of determining the sentencing range. See T.C.A. § 40-35-106(b)(4) (2009). Nonetheless, the State claimed Shorty qualified as a multiple offender based on the Tennessee conviction for aggravated assault and the two Wisconsin felonies. Shorty objected to the use of the Wisconsin felonies and argued, based on Tennessee Code Annotated section 40-35-202, that the State was required to give notice of prior felonies at least ten days before trial. Shorty claimed he was adversely affected by the lack of notice and stated:

> Had we had that information prior to trial, Mr. Shorty's decision as to whether to go to trial might have been different. It was our view that he was a Range-I Offender, which meant he was facing a different range of punishment from what he would face as a Range-II Offender.

The trial court agreed and found that the State's notice was insufficient. It did not enhance Shorty's sentence based on the Wisconsin felonies. Shorty was sentenced as a Range I, standard offender, to four years imprisonment. The State filed a timely notice of appeal.

**ANALYSIS**

The State claims the trial court erred by sentencing Shorty as a Range I, standard offender. It argues that the Wisconsin felonies should have been considered in determining Shorty's qualification as a multiple offender. The State contends it substantially complied with the notice requirements of Tennessee Code Annotated section 40-35-202, and therefore Shorty had a duty to inquire about the Wisconsin felonies and to show prejudice.

Shorty responds that section 40-35-202 required the State to include the Wisconsin felonies in the notice of enhancement. He contends he had no duty to inquire about the

Wisconsin felonies or to show prejudice. Shorty claims he was prejudiced because he went to trial under the belief that he would be sentenced as a Range I, standard offender if convicted.

The State's appeal addresses solely a question of law. Therefore, our standard of review is de novo without a presumption that the trial court's finding is correct. See State v. Livingston, 197 S.W.3d 710, 712 (Tenn. 2006).

The notice requirements for enhanced sentencing are set forth under Tennessee Code Annotated section 40-35-202(a):

> If the district attorney general believes that a defendant should be sentenced as a multiple, persistent or career offender, the district attorney general shall file a statement thereof with the court and defense counsel not less than ten (10) days before trial or acceptance of a guilty plea; provided, that notice may be waived by the defendant in writing with the consent of the district attorney general and the court accepting the plea. The statement, which shall not be made known to the jury determining the guilt or innocence of the defendant on the primary offense, must set forth the nature of the prior felony convictions, the dates of the convictions and the identity of the courts of the convictions. . . .

T.C.A. § 40-35-202(a) (2009).[1] The Tennessee Supreme Court summarized the requirements of this section as follows:

> [T]he notice provision of Tenn. Code Ann. § 40-35-202(a) requires, at a minimum, that the State file: (1) written notice, (2) clearly expressing the State's intention to seek sentencing outside of the standard offender range, (3) setting forth the nature of the prior felony conviction, the dates of the convictions, and the identity of the courts of the convictions.

Livingston, 197 S.W.3d at 713-14.

In State v. Adams, 788 S.W.2d 557 (Tenn. 1990), the Tennessee Supreme Court discussed the purpose behind section 40-35-202(a):

---

[1] See also Tenn. R. Crim. P. 12.3(a) ("Written statements of the district attorney giving notice that the defendant should be sentenced to an enhanced punishment . . . shall be filed not less than ten (10) days prior to trial. If the notice is filed later than this time, the trial judge shall grant the defendant, upon motion, a reasonable continuance of the trial.")

The purpose of subsection (a) is to provide fair notice to an accused that he is exposed to other than standard sentencing. It is intended to order plea-bargaining, to inform decisions to enter a guilty plea, and to aid to some extent trial strategy. Notice is important not only in preparation for a sentencing hearing, but in evaluating the risks and charting a course of action before trial. The Legislature has expressly placed the responsibility of notice upon the district attorney, along with the discretion to seek enhanced sentencing.

Id. at 559.

This court addressed a challenge to the content of a notice of enhancement in State v. Debro. 787 S.W.2d 932, 933-34 (Tenn. Crim. App. 1990). The notice alleged that the defendant was subject to an enhanced sentence based on her release status when she committed the offense. Id. at 933. The notice mistakenly asserted that the defendant was released on parole when she had actually been released on bail. Id. This court held that, despite the defective notice, the defendant was not entitled to relief. Id. at 934. It reasoned that the defendant needed to show prejudice. Id. The court questioned whether the defendant could demonstrate prejudice under the circumstances. Id. It pointed out that the defendant had actual knowledge of her release status and received a proper notice of enhancement in a companion case. Id. The court also distinguished a notice of enhancement from an indictment:

[W]e reject defense counsel's argument that his client is entitled to rest on the state's notice to seek enhanced punishment, just as she is entitled to rest on the terms of an indictment. The comparison is, in our judgment, unsound. In the case of the allegations contained in an indictment, an accused is considered innocent, and therefore ignorant, of the offense until proven guilty. No such "presumption of ignorance" can be said to attach to allegations in the sentencing notice involving the defendant's prior record or release status, even though those allegations must be proven beyond a reasonable doubt to the trial judge's satisfaction. By its very nature, the notice concerns facts necessarily known to (or verifiable by) the defendant.

Id.

In Adams, the Tennessee Supreme Court considered the content of another notice of enhancement. 788 S.W.2d at 558-59. The notice vaguely alleged that the State would seek "Enhanced Punishment within the range to which the defendant would be subjected." Id. at 558. It also listed enhancement factors that were relevant to another phase of sentencing.

-4-

Id. The notice did not, however, specify the intended sentencing range. Id. The court determined that the notice was insufficient and vacated the sentence. Id. at 559. It did not address whether the defendant was prejudiced by the defective notice. The court stated, "The reasoning in [Debro] is sound, but it cannot be stretched to validate a notice that gives no relevant information at all." Id. The court in Adams provided the following standard for assessing challenges to the content of a notice of enhancement:

> [W]e hold that when the State has substantially complied with Section 40-35-202(a), an accused has a duty to inquire about an ambiguous or incomplete notice and must show prejudice to obtain relief. But it is the State's responsibility to assert the appropriate sentencing status in the first instance, and it may not shift these burdens to an accused by filing what is essentially an empty notice.

Id.

This court applied the Adams standard in State v. Taylor. 63 S.W.3d 400, 412-13 (Tenn. Crim. App. 2001). The notice alleged that the State intended "to seek enhanced punishment." Id. at 413. It did not specify the intended sentencing range. The notice did, however, list the defendant's seven prior convictions. Id. This court determined that the State substantially complied with the notice requirements, and therefore the defendant had a duty to inquire about the notice and to show prejudice. Id. The court denied the defendant relief because he did not show prejudice. It stated:

> [T]here is no question that the State's notice made Defendant aware of its intent to seek an enhanced range of punishment. He was provided a list of the convictions upon which the state intended to rely well in advance of trial and he was, thus, in a position to plan case strategy, including trying to determine whether or not the defendant had actually been convicted of the crimes listed in the notice. The early filing of the notice provided Defendant with sufficient time to conduct inquires [sic] regarding any ambiguities or mistakes in the document. He declined to do so. Neither did he object to the notice's ambiguity at the sentencing hearing. We may assume that Defendant was aware of his own extensive criminal history prior to trial and note that he has failed to show any prejudice arising from a lack of knowledge as to which particular range the State was contemplating to seek for purposes of sentencing.

Id.

The circumstances of the present case are somewhat comparable to those in State v. James Tyrone Harbison. No. 03C01-9808-CR-00271, 1999 WL 804056, at *6 (Tenn. Crim. App., at Knoxville, Oct. 6, 1999). There, the defendant was sentenced as a persistent offender, which required proof of at least five prior felonies. Id. The notice listed five felonies; however, two of the offenses occurred on the same date and therefore counted as a single conviction. Id. At the sentencing hearing, the State presented evidence that the defendant had seven prior felony convictions. Id. The defendant did not contest any of these convictions at the hearing, and he was sentenced as a persistent offender. Id. On appeal, the defendant argued that the notice of enhancement was insufficient because technically it only listed four convictions. Id. This court determined that the State substantially complied with the notice requirements of section 40-35-202(a). Id. It upheld the sentence because the defendant had not shown prejudice. Id. The court referred to a statement from State v. Gilmore, 823 S.W.2d 566, 571 (Tenn. Crim. App. 1991), that prejudice was not established simply by the fact that the defendant was sentenced within the proper range. Id. The court also acknowledged that the defendant failed to object to the State's notice at the sentencing hearing. Id.

The present case is also comparable to this court's decision in State v. Nathaniel Banks. No. W2008-02202-CCA-R3-CD, 2009 WL 4638097, at *6 (Tenn. Crim. App., at Jackson, Dec. 8, 2009) perm. to appeal denied (Tenn. May 11, 2010). There, the State filed a notice of enhancement and an amended notice. Id. Both notices alleged that the defendant should be sentenced as a multiple offender. Id. The notices were problematic, however, in that they only listed one prior conviction. Id. The trial court sentenced the defendant as a multiple offender based on other felonies listed in the presentence report. Id. This court found that the State substantially complied with the notice requirements of section 40-35-202(a). Id. Like the court in James Tyrone Harbison, it held that the defendant did not show prejudice. Id.

In consideration of the foregoing cases, we agree with the trial court and hold that the notice of enhancement was insufficient. The record in this case shows that the State was aware of the potential Wisconsin convictions prior to trial based on a National Crime Information Center ("NCIC") report. The State explained, however, that the disposition of the Wisconsin matters was "indeterminent" until the day before sentencing. In response, the trial court stated:

> Well, I believe that what you should have done is attach a copy of the NCIC showing that there was something in Wisconsin; putting that as part of the notice of enhanced punishment before trial. I don't guess there's any other way you could have done it. I recall doing similar things of that nature years ago. I don't know if I was required to do so, but I thought it was sort of like

common sense.  If you had some things that you thought may be convictions, you may as well throw them on there too; and if they didn't apply, well, then they don't apply; but at least they'll be on there.

In our view, the notice did not substantially comply with the requirements of section 40-35-202(a) because (1) it failed to specify a particular range of punishment[2] and (2) it did not identify the felonies upon which the State intended to rely for enhanced punishment.  At a minimum and as noted by the trial court, the State could have attached Shorty's criminal history to the notice of enhanced punishment.  We recognize this court's decision in Taylor, which concluded substantial compliance despite the notice's failure to specify a particular sentencing range.  We also acknowledge the decisions in James Tyrone Harbison and Nathaniel Banks, which concluded substantial compliance despite the notices' failure to properly identify the supporting felonies.  Unlike those case, the notice here did not specify the sentencing range and failed to identify the felonies supporting an enhanced sentence. Based on these combined deficiencies, the notice was equivalent to the "empty notice" provided in Adams.  788 S.W.2d at 559.  Because the State did not substantially comply with the notice requirements of section 40-35-202(a), Shorty was under no duty to inquire about the incomplete notice or show prejudice.  Id.  Therefore, the trial court did not err in excluding evidence of the Wisconsin felonies and sentencing Shorty as a standard offender. The State is not entitled to relief.

## CONCLUSION

Based on the foregoing, the judgment of the trial court is affirmed.

_____
CAMILLE R. McMULLEN, JUDGE

---

[2]The notice did express the State's intention to seek sentencing outside of the standard offender range.  See Livingston, 197 S.W.3d at 713-14.  It broadly alleged that Shorty should be sentenced as either a multiple, persistent, or career offender.  We see little difference between this type of notice and the notice provided in Taylor and Adams.  In those cases, the State simply alerted the defendant that it sought an enhanced sentence.  In Taylor, this court acknowledged the minimal difference between these two types of notice: "Since our sentencing system contains only three range categories above the 'standard' range, the 'enhanced punishment' herein logically means punishment as a multiple, persistent, or career offender." Taylor, 63 S.W.3d at 413.