IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 11, 2011

## STATE OF TENNESSEE v. DANIEL LEON LEE

**Appeal from the Circuit Court for Maury County**
**No. 17986    Jim T. Hamilton, Judge**

---

**No.  M2010-00103-CCA-R3-CD - Filed March 23, 2011**

---

Appellant, Daniel Leon Lee, was convicted by a Maury County Jury of attempted possession of cocaine over .5 grams and simple possession of marijuana.  After a sentencing hearing, the trial court sentenced him to an effective sentence of ten years.  On appeal, Appellant challenges the sufficiency of the evidence and his sentence.  We affirm Appellant's convictions for attempted possession of cocaine over .5 grams and possession of marijuana because we determine that the evidence was sufficient to support the convictions.  However, we determine that the trial court improperly utilized convictions that appeared in Appellant's presentence report but did not appear on the notice to seek enhanced punishment in order to establish Appellant's sentencing range.  Additionally, the trial court failed to place adequate findings of fact and conclusions of law with regard to sentencing on the record.  Consequently, we affirm in part, reverse in part and remand the matter for a new sentencing hearing.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed in Part; Reversed in Part; and Remanded.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID H. WELLES and ROBERT W. WEDEMEYER, JJ., joined.

Gary Howell, Mt. Pleasant, Tennessee, for the appellant Daniel Leon Lee.

Robert E. Cooper, Jr., Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; and Mike Bottoms, District Attorney General, for the appellee, State of Tennessee.

# OPINION

## *Factual Background*

Appellant was indicted in June of 2008 by the Maury County Grand Jury for possession of more than .5 grams of cocaine with the intent to sell and possession of marijuana. Prior to trial, the State filed a notice of intent to seek enhanced punishment. In the notice, the State indicated that Appellant should be sentenced as a Career Offender due to one conviction for aggravated assault, five convictions for possession of cocaine with the intent to sell, and one conviction for possession of a weapon by a felon. All of the convictions except for the aggravated assault conviction listed a conviction date of "12/13/01."

At trial, the State presented the testimony of Sergeant Haywood of the Columbia Police Department. In January of 2008, Sergeant Haywood worked with a confidential informant to conduct a controlled buy of cocaine from a man known as "Putt." Sergeant Haywood observed the informant dial the telephone number (615) 578-2243, and arrange to purchase cocaine. Sergeant Haywood provided the informant with money. During the drug transaction, the informant was wired with an audio device. The informant went to the residence at 518 West 12th Street, purchased cocaine, and returned the cocaine to Sergeant Haywood. As a result of the transaction, Sergeant Haywood secured a search warrant for the residence.

When the search warrant was executed, Appellant was found sleeping in one of the bedrooms. The other occupants of the residence were Denita and Robert Jones. The bedroom occupied by Appellant was searched by Officer Brian Gray. During the search, the officer found a wallet and cell phone belonging to Appellant on the nightstand. The phone number of the phone matched the phone number that was called by the informant. A small bag of marijuana was located in the closet of the bedroom and a bag of crack cocaine was found in the pocket of a suit in the closet. The suit looked as if it belonged to a child. The closet also held some paperwork that included health insurance information, check stubs, and bills. The paperwork had Appellant's name on it and included a power bill addressed to Appellant at 518 West 12th Street.

The substances that were seized during the execution of the warrant were tested by the Tennessee Bureau of Investigation. The police recovered 3.1 grams of marijuana and 17 grams of cocaine.

At the conclusion of the jury trial, Appellant was found guilty of attempted possession of more than .5 grams of cocaine and possession of marijuana. The trial court held a sentencing hearing, at which Appellant was sentenced to an effective sentence of ten years. After the sentencing hearing, Appellant filed a motion for new trial and amended motion for new trial. The trial court held a hearing and denied the motion.[1]

Appellant complains on appeal that the evidence is insufficient to support his convictions and that the trial court improperly used prior convictions to enhance his sentencing range when those convictions did not appear on the notice to seek enhanced punishment that was filed by the State.

*Analysis*

Appellant argues on appeal that his convictions were based on constructive possession and that it was insufficient to establish his guilt. Specifically, Appellant argues that the circumstantial evidence at trial was not strong enough to "eliminate every other reasonable theory except that of guilt." The State, on the other hand, insists that the evidence is sufficient.

When a defendant challenges the sufficiency of the evidence, this Court is obliged to review that claim according to certain well-settled principles. A verdict of guilty, rendered by a jury and "approved by the trial judge, accredits the testimony of the" State's witnesses and resolves all conflicts in the testimony in favor of the State. *State v. Cazes*, 875 S.W.2d 253, 259 (Tenn. 1994); *State v. Harris*, 839 S.W.2d 54, 75 (Tenn. 1992). Thus, although the accused is originally cloaked with a presumption of innocence, the jury verdict of guilty removes this presumption "and replaces it with one of guilt." *State v. Tuggle*, 639 S.W .2d 913, 914 (Tenn. 1982). Hence, on appeal, the burden of proof rests with the defendant to demonstrate the insufficiency of the convicting evidence. *Id.* The relevant question the reviewing court must answer is whether any rational trier of fact could have found the

_____

[1] There is no transcript from the hearing on the motion for new trial in the record. There is, however, an affidavit from the court reporter assigned to Appellant's judicial district in which she asserts that there was no court reporter present on the date of the hearing on the motion for new trial. As is well-established, it is Appellant's responsibility to convey an accurate account of what transpired with respect to the issues presented on appeal. *State v. Hopper*, 695 S.W.2d 530, 537 (Tenn. Crim. App. 1985). Ordinarily, absent the transcript of the hearing on the motion for new trial containing the trial court's rationale for denial, this Court must presume the correctness of the ruling. *State v. Baron*, 659 S.W.2d 811, 815 (Tenn. Crim. App. 1983). Appellant has properly included an affidavit in the record explaining the reason for the missing transcript. Moreover, in light of our ultimate decision in the case herein, we determine that the rationale for the trial court's denial is unnecessary for our review. Thus, we choose to address Appellant's issues on appeal.

accused guilty of every element of the offense beyond a reasonable doubt. *See* Tenn. R. App. P. 13(e); *Harris*, 839 S .W.2d at 75. In making this decision, we are to accord the State "the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom." *See Tuggle*, 639 S.W.2d at 914. As such, this Court is precluded from re-weighing or reconsidering the evidence when evaluating the convicting proof. *State v. Morgan*, 929 S.W.2d 380, 383 (Tenn. Crim. App. 1996); *State v. Matthews*, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Moreover, we may not substitute our own "inferences for those drawn by the trier of fact from circumstantial evidence." *Matthews*, 805 S.W.2d at 779. Further, questions concerning the credibility of the witnesses and the weight and value to be given to evidence, as well as all factual issues raised by such evidence, are resolved by the trier of fact and not the appellate courts. *State v. Pruett*, 788 S.W.2d 559, 561 (Tenn. 1990).

Moreover, the guilt of a defendant as well as any fact required to be proved may be established by direct evidence, by circumstantial evidence, or by a combination of both. *See State v. Pendergrass*, 13 S.W.3d 389, 392-93 (Tenn. Crim. App. 1999). "The standard of review 'is the same whether the conviction is based upon direct or circumstantial evidence.'" *State v. Genaro Dorantes*, __ S.W.3d __, No. M2007-01918-SC-R11-CD, 2011 WL 208306, at *7 (Tenn. Jan. 25, 2011) (quoting *State v. Hanson*, 279 S.W.3d 265, 275 (Tenn. 2009)). In addition, the weight of the circumstantial evidence is for the jury to determine, and this Court may not substitute the jury's inferences drawn from the circumstantial evidence with our own inferences. *See Pruitt v. State*, 460 S.W.2d 385, 391 (Tenn. Crim. App. 1970).

Appellant was found guilty of attempted possession of cocaine that weighed .5 grams or more, a violation of Tennessee Code Annotated section 39-17-417(a)(4), which makes it a crime to knowingly "possess a controlled substance with intent to manufacture, deliver or sell the controlled substance." Under Tennessee Code Annotated section 39-12-101(a), a person commits criminal attempt who, acting with the kind of culpability otherwise required for the offense:

> (1) Intentionally engages in action or causes a result that would constitute an offense, if the circumstances surrounding the conduct were as the person believes them to be;

> (2) Acts with intent to cause a result that is an element of the offense, and believes the conduct will cause the result without further conduct on the person's part; or

> (3) Acts with intent to complete a course of action or cause a result that would constitute the offense, under the circumstances surrounding the conduct as the

-4-

person believes them to be, and the conduct constitutes a substantial step toward the commission of the offense.

A violation of Tennessee Code Annotated section 39-17-417(a)(4) is a class B felony if the amount of the cocaine possessed is more than .5 grams. T.C.A. § 39-17-417(c)(1). A conviction for criminal attempt of an offense results in one classification lower than the most serious crime attempted, in this case making Appellant's conviction a class C felony. T.C.A. § 39-12-107(a). Appellant was also found guilty of simple possession of marijuana in violation of Tennessee Code Annotated 39-17-418, which makes it an offense to "knowingly possess or casually exchange a controlled substance, unless the substance was obtained directly from, or pursuant to, a valid prescription or order of a practitioner while acting in the course of professional practice." Thus, in order to convict Appellant, the State was required to show that he attempted to possess cocaine that weighed .5 grams or more and that Appellant knowingly possessed marijuana. The State unquestionably proved beyond a reasonable doubt that the substance found in the bag was cocaine and that the weight of the cocaine was over .5 grams. Further, the State proved that the substance found in the closet was marijuana. Thus, the question is whether Appellant attempted to knowingly possess the cocaine with the intent to sell or deliver it and whether Appellant knowingly possessed the marijuana.

"[A] person . . . acts knowingly with respect to the conduct or to circumstances surrounding the conduct when the person is aware of the nature of the conduct or that the circumstances exist." T.C.A. § 39-11-302(b). A conviction for possession of cocaine or marijuana may be based upon either actual or constructive possession. *State v. Shaw*, 37 S.W.3d 900, 903 (Tenn. 2001); *State v. Brown*, 823 S.W.2d 576, 579 (Tenn. Crim. App. 1991); *State v. Cooper*, 736 S.W.2d 125, 129 (Tenn. Crim. App. 1987). Before a person can be found to constructively possess a drug, it must appear that the person has the power and intention at any given time to exercise dominion and control over the drugs either directly or through others. *State v. Patterson*, 966 S.W.2d 435, 445 (Tenn. Crim. App. 1997); *State v. Williams*, 623 S.W.2d 121, 125 (Tenn. Crim. App. 1981). The mere presence of a person in an area where drugs are discovered is not, alone, sufficient to support a finding that the person possessed the drugs. *Cooper*, 736 S.W.2d at 129. However, as stated above, circumstantial evidence alone may be sufficient to support a conviction. *State v. Tharpe*, 726 S.W.2d 896, 899-900 (Tenn. 1987); *State v. Gregory*, 862 S.W.2d 574, 577 (Tenn. Crim. App. 1993). Further, the trier of fact may infer from the amount of the drugs, along with relevant facts surrounding the arrest, that the drugs were possessed for the purpose of selling them. T.C.A. § 39-17-419; *see also State v. Willie Earl Kyles, Jr.*, No. W2001-01931-CCA-R3-CD, 2002 WL 927604, at *2 (Tenn. Crim. App., at Jackson, May 3, 2002), *perm. app. denied*, (Tenn. Oct. 21, 2002) (concluding that jury could infer possession of drugs with intent to sell or deliver from amount of drugs and circumstances

surrounding arrest of defendant); *State v. James R. Huntington*, No. 02C01-9407-CR-00149, 1995 WL 134589, at *3-4 (Tenn. Crim. App., at Jackson, Mar. 29, 1995), *perm. app. denied*, (Tenn. Jul. 10, 1995) (determining that jury could infer intent to sell marijuana primarily from large quantity of marijuana in defendant's possession).

The facts, viewed in a light most favorable to the State, demonstrated that a confidential informant placed a telephone call to a person and arranged to buy cocaine. After the controlled buy was completed at the residence located at 518 West 12th Street, officers obtained a search warrant. During the search, Appellant was found sleeping in one of the bedrooms. In the bedroom, police found a wallet and cell phone belonging to Appellant. The number of the cell phone belonging to Appellant matched the number of the person whom the informant called to arrange the purchase of cocaine. In the closet of the room where Appellant was found sleeping, an officer located a bag containing 3.1 grams of marijuana on the floor and a bag containing 17 grams of crack cocaine in the pocket of a child's suit hanging in the closet. The closet also contained paperwork addressed to Appellant, including a power bill listing Appellant's address as 518 West 12th Street. Appellant denied living at the residence and denied that he was the owner of the drugs. The jury clearly discredited Appellant's testimony, a decision that was within their power. The evidence was sufficient to establish that Appellant constructively possessed the drugs. Appellant is not entitled to relief on this issue.

*Sentencing*

Next, Appellant complains that he was improperly sentenced as a Range III, Persistent Offender. Specifically, Appellant complains that the State's notice of intent to seek enhanced punishment did not contain the requisite number of felonies to establish the range. Additionally, Appellant complains that the trial court utilized convictions from Washington State that did not appear on the notice of intent to seek enhanced punishment in order to satisfy the requisite number of felonies that led to Appellant's classification as a Persistent Offender. Appellant argues that by allowing the State to utilize these convictions to enhance his sentence, he was prejudiced by being forced to serve a longer sentence. The State disagrees, arguing that the State provided Appellant with fair notice and that any defect in the notice was not prejudicial to Appellant.

"When reviewing sentencing issues . . . , the appellate court shall conduct a de novo review on the record of the issues. The review shall be conducted with a presumption that the determinations made by the court from which the appeal is taken are correct." T.C.A. § 40-35-401(d). "[T]he presumption of correctness 'is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances.'" *State v. Carter*, 254 S.W.3d 335, 344-45 (Tenn. 2008) (quoting

*State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991)). "If . . . the trial court applies inappropriate mitigating and/or enhancement factors or otherwise fails to follow the Sentencing Act, the presumption of correctness fails." *Id.* at 345 (citing *State v. Shelton*, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992)). We are to also recognize that the defendant bears "the burden of demonstrating that the sentence is improper." *Ashby*, 823 S.W.2d at 169.

In making its sentencing determination, the trial court, at the conclusion of the sentencing hearing, first determines the range of sentence and then determines the specific sentence and the appropriate combination of sentencing alternatives by considering: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on the enhancement and mitigating factors; (6) any statistical information provided by the administrative office of the courts regarding sentences for similar offenses, (7) any statements the defendant wishes to make in the defendant's behalf about sentencing; and (8) the potential for rehabilitation or treatment. T.C.A. §§ 40-35-210(a), (b), -103(5); *State v. Williams*, 920 S.W.2d 247, 258 (Tenn. Crim. App. 1995).

When imposing the sentence within the appropriate sentencing range for the defendant:

> [T]he court shall consider, but is not bound by, the following *advisory* sentencing guidelines:

> (1) The minimum sentence within the range of punishment is the sentence that should be imposed, because the general assembly set the minimum length of sentence for each felony class to reflect the relative seriousness of each criminal offense in the felony classifications; and

> (2) The sentence length within the range should be adjusted, as appropriate, by the presence or absence of mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114.

T.C.A. § 40-35-210(c) (emphasis added). However, the weight given by the trial court to the mitigating and enhancement factors are left to the trial court's discretion and are not a basis for reversal by an appellate court of an imposed sentence. *Carter*, 254 S.W.3d at 345. "An appellate court is . . . bound by a trial court's decision as to the length of the sentence

imposed so long as it is imposed in a manner consistent with the purposes and principles set out in sections -102 and -103 of the Sentencing Act." *Id.* at 346.

"The amended statute no longer imposes a presumptive sentence." *Carter*, 254 S.W.3d at 343. As a result of the amendments to the Sentencing Act, our appellate review of the weighing of the enhancement and mitigating factors was deleted when the factors became advisory, as opposed to binding, upon the trial court's sentencing decision. *Id.* at 344. Under current sentencing law, the trial court is nonetheless required to "consider" an advisory sentencing guideline that is relevant to the sentencing determination, including the application of enhancing and mitigating factors. *Id.* The trial court's weighing of various mitigating and enhancement factors is now left to the trial court's sound discretion. *Id.*

To facilitate appellate review, the trial court is required to place on the record its reasons for imposing the specific sentence, including the identification of the mitigating and enhancement factors found, the specific facts supporting each enhancement factor found, and the method by which the mitigating and enhancement factors have been evaluated and balanced in determining the sentence. *See id.* at 343; *State v. Samuels*, 44 S.W.3d 489, 492 (Tenn. 2001). If our review reflects that "the trial court appl[ied] inappropriate mitigating and/or enhancement factors or otherwise fail[ed] to follow the Sentencing Act, the presumption of correctness fails" and our review is de novo. *Carter*, 254 S.W.3d at 345.

A brief recitation of the facts involved is necessary to facilitate our review of Appellant's sentencing issue. After indictment, the State filed a notice of intent to seek enhanced punishment, in accordance with Tennessee Code Annotated section 40-35-202. The notice was filed on November 18, 2008, nearly six months prior to trial and well in advance of the ten day requirement contained in the statute. *Id.* In the notice, the State listed the following prior convictions:

| #10751 | Maury Circuit | Aggravated Assault | 11/13/98 |
| #14614 | Maury Circuit | Poss. Cocaine w/intent to sell | 12/13/01 |
| #14615 | Marshall Circuit | Poss. Cocaine w/intent to sell | 12/13/01 |
| #14616 | Marshall Circuit | Poss. Cocaine w/intent to sell | 12/13/01 |
| #14617 | Marshall Circuit | Poss. Cocaine w/intent to sell | 12/13/01 |
| #14618 ct.1 | Marshall Circuit | Poss. Cocaine w/intent to sell | 12/13/01 |
| #14618 ct.4 | Marshall Circuit | Poss. Weapon - [ ] Felon | 12/13/01 |

As recounted above, Appellant proceeded to trial and was convicted of attempted possession of cocaine weighing .5 grams or more and possession of marijuana. A sentencing hearing was held on July 14, 2009. At the hearing, counsel for Appellant raised a number of objections to the notice of intent to seek enhanced punishment. Specifically, counsel

argued that the trial court needed to determine whether two of the prior convictions, in case numbers #14615 and #14616, occurred more than twenty-four hours apart and counted as one or two prior convictions for purposes of establishing Appellant's range.[2] Next, counsel for Appellant argued that the State was limited to those convictions presented in the notice. Counsel for the State then notified the trial court that in the presentence report, there were additional felony convictions from the State of Washington upon which the State intended to rely on order to satisfy the requirements to establish Appellant as a Range III, Persistent Offender. The trial court heard the rest of the proof and took the matter under advisement.

The trial court issued an order in which it determined that it was not clear whether the two convictions in cases #14615 and #14616 occurred more than twenty-four hours apart. Thus, they could only be considered one prior conviction for purposes of establishing the sentencing range. Further, the trial court determined that the State was not limited to using only the prior felonies listed in the notice of intent to seek enhanced punishment. Then, without specifying findings of fact and conclusions of law or the enhancement/mitigating factors utilized, the trial court made the following statement:

> The State can consider the priors [even though not listed in the notice of intent to seek enhanced punishment] and the defendant is at least a Range III offender and the punishment range is 10-15 years. These priors are listed in the presentence report. Absent a showing that the report is based on unreliable sources or is other wise inaccurate, a trial court is entitled to rely on the contents of a presentence report. . . . [T]he defendnat shall and is hereby sentenced to ten (10) years as a Range III Offender.

Appellant was convicted of a Class C felony. The sentencing range for attempted possession of cocaine weighing .5 grams or more, a Class C felony, is three to six years for a Range I, Standard Offender, six to ten years for a Range II, Multiple Offender, and ten to fifteen years for a Range III, Persistent Offender. T.C.A. § 40-35-112(b)(3), (c)(3). A multiple offender is a defendant who has received:

> (1) A minimum of two (2) but not more than four (4) prior felony convictions within the conviction class, a higher class, or within the next two (2) lower felony classes . . .; or

---

[2]The State conceded during this discussion that the last three convictions listed on the range notice occurred on the same day and, thus, constituted one prior conviction for purposes of establishing a sentencing range.

(2) One (1) Class A prior felony conviction if the defendant's conviction is a Class A or B felony.

T.C.A. § 40-35-106(a). A persistent offender is a defendant who has received:

(1) Any combination of five (5) or more prior felony convictions within the conviction class or higher, or within the next two (2) lower felony classes, . . .; or

(2) At least two (2) Class A or any combination of three (3) Class A or Class B felony convictions if the defendant's conviction offense is a Class A or B felony.

T.C.A. § 40-35-107(a). To satisfy a prior conviction for multiple offender or persistent offender status, a prior conviction includes "convictions under the laws of any other state, government or country which, if committed in this state, would have constituted an offense cognizable by the laws of this state." T.C.A. §§ 40-35-106(b)(5), -107(b)(5). In order to label a defendant as a persistent offender, the trial court has to determine beyond a reasonable doubt that the defendant has the requisite prior felonies. Tennessee Code Annotated section 40-35-202(a) provides:

If the district attorney general believes that a defendant should be sentenced as a multiple, persistent or career offender, the district attorney general shall file a statement thereof with the court and defense counsel not less than ten (10) days before trial or acceptance of a guilty plea; provided, that the notice may be waived by the defendant in writing with the consent of the district attorney general and the court accepting the plea. The statement . . . must set forth the nature of the prior felony convictions, the dates of the convictions and the identity of the courts of the convictions. The original or certified copy of the court record of any prior felony conviction, bearing the same name as that by which the defendant is charged in the primary offense, is prima facie evidence that the defendant named therein is the same as the defendant before the court, and is prima facie evidence of the facts set out therein.

In other words, the statute requires at a minimum that the State file "(1) written notice, (2) clearly expressing the State's intention to seek sentencing outside of the standard offender range, (3) setting forth the nature of the prior felony conviction, the dates of the convictions,

and the identity of the courts of the convictions." *State v. Livingston*, 197 S.W.3d 710, 713-14 (Tenn. 2006). The purpose of the statutory notice requirement is to provide a defendant with fair notice that he or she is subject to greater than the standard sentencing range, to facilitate plea agreements, to enable the defendant to make an informed plea, and to aid trial strategy. *State v. Adams*, 788 S.W.2d 557, 559 (Tenn. 1990); *State v. Taylor*, 63 S.W.3d 400, 412 (Tenn. Crim. App. 2001). Our supreme court has held that "perfect" notice is not required, but fair notice must be provided. *Livingston*, 197 S.W.3d at 713. This means that "when the State has substantially complied with Section 40-35-202(a), an accused has a duty to inquire about an ambiguous or incomplete notice and must show prejudice to obtain relief." *Taylor*, 63 S.W.3d at 412; *State v. Cooper*, 321 S.W.3d 501, 507 (Tenn. 2010). However, the State's failure to file any notice is grounds for re-sentencing. *Id.*; *State v. Carter*, 121 S.W.3d 579, 585 (Tenn. 2003); *see State v. Pender*, 687 S.W.2d 714, 719-20 (Tenn. Crim. App. 1984).

It is uncontested that the State filed a notice of intent to seek enhanced punishment more than ten days prior to trial. The question is not the existence of the notice, but rather the adequacy of the notice. The notice filed herein contained seven prior convictions from Maury and Marshall Counties, at first glance enough to satisfy at least the requirements for persistent offender status in accordance with Tennessee Code Annotated section 40-35-107(a). At the sentencing hearing, counsel for the State attempted to utilize eight additional convictions from the State of Washington including convictions for evading arrest, attempted possession of cocaine, criminal trespass, assault, possession of cocaine, and three convictions for second degree burglary all of which were omitted from the notice. Appellant acknowledged these convictions at the sentencing hearing on cross-examination but argued that they should not be utilized because they were not in the notice. Additionally, counsel for Appellant argued that some of the convictions contained within the notice occurred on the same day and should only count as one prior conviction for purposes of establishing the range.

This Court recently examined a strikingly similar issue in *State v. Melvin Shorty*, No. W2009-02284-CCA-R3-CD, 2010 WL 5313268 (Tenn. Crim. App., at Jackson, Dec. 20, 2010). In *Melvin Shorty*, the State amended the notice to seek enhanced punishment by adding two out-of-state felony convictions the day before sentencing. 2010 WL 5313268, at *1. The lower court determined that the amended notice failed to substantially comply with the requirements of Tennessee Code Annotated section 40-35-202. *Id.* On appeal, this Court examined a multitude of cases interpreting the notice requirement of Tennessee Code Annotated section 40-35-202 and determined that the trial court properly denied the State the ability to utilize the amended notice because the defendant suffered prejudice as a result of the State's actions. *Id.*

As part of its analysis in *Melvin Shorty*, this Court looked at the facts and compared them to the cases of *State v. James Tyrone Harbison*, No. 03C01-9808-CR-00271, 1999 WL 804056 (Tenn. Crim. App., at Knoxville, Oct. 6, 1999), *perm. app. denied*, (Tenn. Apr. 10, 2000) and *State v. Nathaniel Banks*, No. W2008-02202-CCA-R3-CD, 2009 WL 4638097 (Tenn. Crim. App., at Jackson, Dec. 8, 2009), *perm. app. denied*, (Tenn. May 11, 2010).[3] Both of those cases are instructive herein as well. In *James Tyrone Harbison*, the defendant was sentenced as a persistent offender. 1999 WL 804056, at *6. The notice listed five felonies but two of the offenses occurred on the same date and therefore counted as a single conviction. *Id.* At the sentencing hearing, the State presented evidence that the defendant had seven prior felony convictions. *Id.* The defendant did not contest any of these convictions at the hearing, and he was sentenced as a persistent offender. *Id.* On appeal in *James Tyrone Harbison*, the defendant argued that the notice of enhancement was insufficient because technically it only listed four convictions. *Id.* This Court determined that the State substantially complied with the notice requirements of section 40-35-202(a), thereby upholding the sentence because the defendant failed to show prejudice because prejudice was not established simply by the fact that the defendant was sentenced within the proper range. *Id.* (citing *State v. Gilmore*, 823 S.W.2d 566, 571 (Tenn. Crim. App. 1991). The defendant also failed to object to the State's notice at the sentencing hearing. *Id.*

In *Nathaniel Banks*, the State filed a notice of enhancement and an amended notice, both alleging that the defendant should be sentenced as a multiple offender. 2009 WL 4638097, at *6. The notices only listed one prior conviction, but the trial court sentenced the defendant as a multiple offender based on other felonies listed in the presentence report. *Id.* This Court found that the State substantially complied with the notice requirements of section 40-35-202(a). Again, the trial court held that the defendant did not show prejudice. *Id.*

In *Melvin Shorty*, the Court determined:

> In consideration of the foregoing cases [*James Tyrone Harbison* and *Nathaniel Banks*], we agree with the trial court and hold that the notice of enhancement was insufficient. The record in this case shows that the State was aware of the potential Wisconsin convictions prior to trial based on a National Crime Information Center ("NCIC") report. The State explained, however, that the disposition of the Wisconsin matters was "indeterminent" until the day before sentencing. . . .

_____

[3] We note that *Nathaniel Banks* has been designated as "Not for Citation" by the Tennessee Supreme Court. We are not relying on the analysis of *Nathaniel Banks* herein, merely noting that this Court looked at the facts in making its decision in *Melvin Shorty*.

. . . .

In our view, the notice did not substantially comply with the requirements of section 40-35-202(a) because (1) it failed to specify a particular range of punishment and (2) it did not identify the felonies upon which the State intended to rely for enhanced punishment. At a minimum and as noted by the trial court, the State could have attached Shorty's criminal history to the notice of enhanced punishment. We recognize this court's decision in *Taylor*, which concluded substantial compliance despite the notice's failure to specify a particular sentencing range. We also acknowledge the decisions in *James Tyrone Harbison and Nathaniel Banks*, which concluded substantial compliance despite the notices' failure to properly identify the supporting felonies. Unlike those case [sic], the notice here did not specify the sentencing range *and* failed to identify the felonies supporting an enhanced sentence. Based on these combined deficiencies, the notice was equivalent to the "empty notice" provided in *Adams*. 788 S.W.2d at 559. Because the State did not substantially comply with the notice requirements of section 40-35-202(a), Shorty was under no duty to inquire about the incomplete notice or show prejudice. *Id.* Therefore, the trial court did not err in excluding evidence of the Wisconsin felonies and sentencing Shorty as a standard offender. The State is not entitled to relief.

2010 WL 5313268, at *5 (footnote omitted). Likewise, we determine that the notice herein failed to substantially comply with Tennessee Code Annotated section 40-35-202. While it certainly specified a range of punishment, the notice omitted multiple felony convictions that the State later attempted to utilize in order to establish the requisite number of prior felonies required to place Appellant in the category of a Persistent Offender. This is not the type of notice contemplated by the statute and resulted in prejudice to Appellant in that he was not able to fully defend himself at the sentencing hearing. We acknowledge that a defendant is not presumed ignorant of his prior record. *See State v. Debro*, 787 S.W.2d 932, 934 (Tenn. Crim. App. 1990). However, the notice in this case completely failed to apprise Appellant of the prior convictions that the State would be utilizing to enhance his offender status. In fact, Appellant testified at the sentencing hearing that during discussions with his attorney prior to trial and the sentencing hearing, they discussed the possibility that the convictions listed in the notice were not sufficient to establish the range alleged by the State due to the fact that several of the convictions would only constitute one conviction for enhancement purposes. There is no explanation by the State as to why the Washington convictions were not included in the first notice filed by the State some six months prior to trial. Additionally, there is no explanation from the State as to why an amended notice was not filed prior to

trial. Thus, the trial court erred in allowing the State to utilize these convictions to establish the range, and we must remand the matter for resentencing.

Additionally we note that it is well-established that the record of the sentencing hearing is part of the record of the case and "shall include specific findings of fact upon which application of the sentencing principles was based." T.C.A. § 40-35-209(c). The purpose of recording the court's reasoning is to guarantee the preparation of a proper record for appellate review. T.C.A. § 40-35-210(e); *State v. Ervin*, 939 S.W.2d 581, 584 (Tenn. Crim. App. 1996).

Here, the record of the sentencing hearing is included in the record on appeal. Upon review, it is clear that the trial court did not recite the considerations required by statute prior to making a sentencing determination. Moreover, the trial court made no findings of fact, the record does not demonstrate how the trial court considered the applicable sentencing laws and principles as pertaining specifically to Appellant's case, and the trial judge did not make specific findings with respect to its application of enhancement and mitigating factors. Consequently, we reverse the judgments of the trial court and remand the case for further proceedings, including a sentencing hearing. On remand, the trial court should place specific findings of fact on the record as to Appellant's sentence.

*Conclusion*

For the foregoing reasons, Appellant's convictions are affirmed. However, the matter is reversed and remanded to the trial court for resentencing in accordance with this opinion.

_____
JERRY L. SMITH, JUDGE