# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### APRIL SESSION, 1996



**FILED**

August 9, 1996

**Cecil W. Crowson**
Appellate Court Clerk

| | |
|---|---|
| **STATE OF TENNESSEE**, | ) |
| | ) No. 01C01-9508-CR-00259 |
| Appellee | ) |
| | ) SUMNER COUNTY |
| vs. | ) |
| | ) Hon. Jane W. Wheatcraft, Judge |
| **PHILLIP CRAIG MANGRUM**, | ) |
| | ) (Aggravated Burglary) |
| Appellant | ) |

For the Appellant:

James M. Hunter
Hunter & Hunter
182 West Franklin Street
Gallatin, TN 37066

For the Appellee:

Charles W. Burson
Attorney General and Reporter

Sarah M. Branch
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

Lawrence Ray Whitley
District Attorney General

Mr. Dee Gay
Asst. District Attorney General
113 East Main Street
Gallatin, TN 37066

OPINION FILED: _____

**AFFIRMED**

**David G. Hayes**
Judge

**OPINION**

The appellant, Phillip Mangrum, pled guilty in the Criminal Court of Sumner County to aggravated burglary, a class C felony. Tenn. Code Ann. § 39-14-403 (1991). The trial court sentenced the appellant as a multiple offender within range II to eight years incarceration in the Department of Correction. The appellant appeals from this sentence, contending, in essence, that (1) the appellant's status as a multiple offender is not supported by the record; (2) the State's notice of enhanced sentencing was inadequate under the Sentencing Act and Tenn. R. Crim. P. 12.3; and (2) his sentence is excessive.

**FACTUAL BACKGROUND**

On December 7, 1994, the Sumner County Grand Jury returned an indictment charging the appellant with one count of theft of property worth more than $1000, one count of theft of property worth less than $500, and one count of aggravated burglary. On January 12, 1995, the State filed its notice of intent to seek enhanced punishment of the appellant as a range II, multiple offender. The State relied upon two prior convictions, including a 1973 conviction for possession of stolen mail in Chicago, Illinois and a 1991 conviction for sale of a schedule III controlled substance in the Sumner County Criminal Court.[1] On

_____

[1]Tenn. Code Ann. § 40-35-202(a) (1990) provides:
> If the district attorney general believes that a defendant should be sentenced as a multiple, persistent or career offender, he shall file a statement thereof with the court and defense counsel not less than ten (10) days before trial or acceptance of a guilty plea ... Such statement ... must set forth the nature of the prior felony convictions, the dates of the convictions and the identity of the courts of the convictions.

Tenn. R. Crim. P. 12.3 provides:
> Written statements of the district attorney giving notice that the defendant should be sentenced to an enhanced punishment ... shall be filed not less than ten (10) days prior to trial. If the notice is filed later than this time, the trial judge shall grant the defendant upon his motion a reasonable continuance of the trial.

February 17, 1995, the appellant pled guilty to aggravated burglary in exchange for the dismissal of the remaining two counts of the indictment. In accordance with the plea agreement, the trial court was to determine the length and manner of service of the sentence.

On April 3, 1995, the trial court conducted a sentencing hearing. The State relied upon the pre-sentence report submitted by Carol Martin, a community corrections case officer. Martin testified at the hearing that the Illinois conviction for stolen mail, set forth in the State's notice of enhancement, was probably erroneously included in the appellant's criminal history. Nevertheless, the pre-sentence report reflects thirty-one prior convictions, comprising fourteen felony convictions and seventeen misdemeanor convictions. At the time of the sentencing hearing in the instant case, the appellant was serving two concurrent sentences of one year and three years with Corrections Corporation of America in Davidson County pursuant to convictions for theft.

The appellant testified on his own behalf. With respect to the convictions listed in the State's notice of enhancement, he denied being convicted of possession of stolen mail in Chicago, Illinois, claiming that he has never been to Chicago. The appellant did not deny the conviction for the sale of schedule III drugs. He remarked, "In the past I had a problem. I got caught with some people with dope several times, and I took the blame for it several times." The appellant testified that his memory of past events "is kind of foggy" due to his abuse of crack cocaine. Moreover, the appellant admitted numerous convictions for first degree burglary, second degree burglary, and grand larceny, explaining that he was on heroin at the time.

The appellant is 35 years old. He is married. His wife is named as a co-

defendant with respect to the offenses committed in the instant case. The appellant has three children who currently reside with the appellant's mother. The appellant's sister, Linda Evans, testified, "As a father [the appellant] has been almost not there." However, Ms. Evans also asserted a belief that her brother has changed and is prepared to assume responsibility for his children and his life. The appellant has an eleventh grade education, and his employment history is sporadic.

The appellant testified that he has been abusing drugs since he was sixteen. He attributes his criminal history to his drug addiction. However, he testified, "Eight months ago I got saved. Ever since I got saved, I was trying to help people around the jails ... ." The appellant has been attending a substance abuse program operated by "Lifeline." Additionally, he is attending classes in order to obtain his GED.

The appellant also submitted a letter from his aunt, Billie Jean Owens, in which Ms. Owens guaranteed the appellant a job renovating her home should he be released from prison. Moreover, the appellant introduced letters from the Sunday School Director and the Minister of the church attended by the Mangrum family.

Prior to the conclusion of the sentencing hearing, the State moved to amend its notice of enhanced punishment by including the convictions set forth in the pre-sentence report. Defense counsel interposed no objection, and the trial court granted the State's motion.

In sentencing the appellant to eight years incarceration in the Department of Correction, the trial court found applicable the following enhancement factors:

> (1) The defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the

4

appropriate range, Tenn. Code Ann. § 40-35-114(1) (1994 Supp.); and

(2) The defendant was a leader in the commission of an offense involving two (2) or more criminal actors, Tenn. Code Ann. § 40-35-114(2).

The record reflects that the trial court was particularly impressed by the appellant's criminal history.

## ANALYSIS

Initially, we conclude that, contrary to the appellant's assertion in his brief, the evidence adduced at the sentencing hearing overwhelmingly establishes the appellant's eligibility for sentencing within range II as a multiple offender. Tenn. Code Ann. § 40-35-106 (1990). In the context of establishing the appropriate sentencing range, this court has held that, absent a showing that the report is based upon unreliable sources or is otherwise inaccurate, information about convictions contained in a pre-sentence report is reliable. State v. Hines, No. 01C01-9406-CC-00189 (Tenn. Crim. App. at Nashville), perm. to appeal denied, (Tenn. 1995). The record reflects that the officer who prepared the pre-sentence report in this case did not rely solely upon an N.C.I.C. report in compiling the appellant's criminal history. State v. Buck, 670 S.W.2d 600, 607 (Tenn. 1984) (the information contained in N.C.I.C. reports is of a dubious degree of accuracy). Moreover, the appellant was provided more than a month to investigate the convictions listed in the State's notice of enhancement and, at the sentencing hearing, presented proof that the appellant was not the subject of the Illinois conviction. In contrast, although the appellant was entitled to rebut information contained in the pre-sentence report concerning other prior convictions, he failed to challenge the report or file any statement in response to it. See Tenn. Code Ann. § 40-35-209(a) and (d)(1) (1990). In fact, the appellant's own testimony unequivocally supports his status as a multiple offender.

5

The appellant also argues that the State's notice of enhanced sentencing did not comply with the applicable provisions of the Sentencing Act and Tenn. R. Crim. P. 12.3.[2] With respect to the State's amendment of the notice of enhanced sentencing to include the felonies listed in the pre-sentence report, we note that the appellant failed to object at the sentencing hearing. Yet, in State v. Debro, 787 S.W.2d 932, 933-934 (Tenn. Crim. App. 1989), this court hesitated to apply the waiver doctrine set forth in State v. Stephenson, 752 S.W.2d 80, 81 (Tenn. 1988), to cases involving defects in the content of notice rather than delay in filing. The waiver doctrine set forth in Stephenson addressed defense counsel's obligation under Tenn. R. Crim. P. 12.3 to seek a continuance of trial in the event of a late filing. See also State v. Adams, 788 S.W.2d 557, 559 (Tenn. 1990)(a continuance would not ordinarily suffice to correct misinformation). Arguably, the State's amendment constituted a late filing. Nevertheless, in the instant case, the appellant had already pled guilty when the State sought to amend notice to include additional convictions. Clearly, the appellant could not request a continuance of trial. Accordingly, the inquiry is one of prejudice rather than waiver. Id.[3]

We conclude that the appellant has failed to show any prejudice arising from the defective notice and the State's amendment thereto. Id. The State's initial notice substantially complied with Tenn. Code Ann. § 40-35-202(a) and Tenn. R. Crim. P. 12.3. The State's mistaken reliance upon the Illinois

_____

[2]See supra note 1.

[3]Waiver may also be found pursuant to Tenn. R. App. P. 36(a). That rule provides that "[n]othing in this rule shall be construed as requiring relief be granted to a party ... who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error." The appellant could have submitted a motion to continue the sentencing hearing in order that the trial court might determine whether the State's amendment of the notice had so prejudiced the appellant as to require an opportunity for the withdrawal of the guilty plea. Obviously, defense counsel did not make such a motion in this case because such a motion would have been entirely futile. The lack of prejudice to the appellant in this case was blatantly obvious.

conviction constituted an error appearing upon the face of the notice, obliging the appellant to inquire further. Id. Again, the State submitted the notice of enhanced sentencing more than one month prior to the appellant's guilty plea, providing sufficient time for the appellant to conduct such inquiries. Clearly, the appellant was aware of the mistake prior to his guilty plea, and clearly the appellant was aware of his own extensive criminal history prior to the entry of his plea. Finally, we have previously observed that the record establishes the appellant's criminal history beyond a reasonable doubt. This issue is without merit.

The appellant also argues that his sentence is excessive.[4] Review, by this court, of the length of a sentence is *de novo* with a presumption that the determination made by the trial court is correct. Tenn. Code Ann. § 40-35-401(d) (1990). This presumption only applies, however, if the record demonstrates that the trial court properly considered sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The legislature has listed factors that the trial judge shall consider in determining the specific sentence:

> 1. the evidence, if any, received at the trial and the sentencing hearing;
> 2. the pre-sentence report;
> 3. the principles of sentencing and arguments as to sentencing alternatives;
> 4. the nature and characteristics of the criminal conduct involved;
> 5. evidence and information offered by the parties on the enhancement and mitigating factors in §§ 40-35-113 and 40-35-114; and
> 6. any statement the defendant wishes to make in his own behalf about sentencing.

Tenn. Code Ann. § 40-35-210(b)(1990). General principles of sentencing include the following: potential or lack of potential for rehabilitation; the imposition of a sentence no greater than that warranted by the offense; the

---

[4]The appellant does not challenge the trial court's denial of an alternative sentence.

imposition of the least severe measure necessary to achieve the purposes for which the sentence is imposed; and the availability of alternatives to incarceration. Tenn. Code Ann. §§ 40-35-103(2)-(6)(1990).

With respect to the length of a sentence, Tenn. Code Ann. § 40-35-210(1990) provides that the minimum sentence within the appropriate range is the presumptive sentence. If there are enhancing and mitigating factors, the court must start at the minimum sentence in the range and enhance the sentence as appropriate for the enhancement factors and then reduce the sentence within the range as appropriate for the mitigating factors. Id. If there are no mitigating factors, the court may set the sentence above the minimum in that range, but still within the range. Id. See also State v. Dies, 829 S.W.2d 706, 710 (Tenn. Crim. App. 1991). "[T]here is no particular value assigned by the 1989 Sentencing Act to the various factors and the 'weight afforded mitigating or enhancement factors derives from balancing relative degrees of culpability within the totality of the circumstances of the case involved.'" State v. Marshall, 870 S.W.2d 532, 541 (Tenn. Crim. App.), perm. to appeal denied, (Tenn. 1993)(citation omitted). The weight assigned to any existing factor is generally left to the trial judge's discretion. Id.

The appellant was convicted of a class C felony and sentenced as a multiple offender within range II. Thus, the applicable sentencing range was six to ten years. See Tenn. Code Ann. § 40-35-112(b)(3) (1990). The appellant received a mid-range sentence of eight years. As noted earlier, the trial court applied enhancement factors (1) and (2). We agree that the record does not support the application of factor (2). Therefore, this court need not defer to the trial court's determination. Nevertheless, the record clearly supports the trial court's reliance upon factor (1). Upon *de novo* review of the record, we conclude that the appellant's criminal history is not only extensive, it is reprehensible. In

fact, the appellant's criminal history outweighs any mitigating factors, including any potential for rehabilitation, otherwise indicated by the record and fully supports the sentence imposed.  This issue is without merit.

      For the foregoing reasons, the judgment of the trial court is affirmed.


_____
DAVID G. HAYES, Judge


CONCUR:


_____
JOE B. JONES, Presiding Judge


_____
JOHN H. PEAY, Judge