IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs February 4, 2025

**STATE OF TENNESSEE v. JAYSON KEITH JOHNSON**

**Appeal from the Circuit Court for Benton County**
**No. 22-CR-67      Bruce Griffey, Judge**

_____

**No. W2024-00692-CCA-R3-CD**

_____

A Benton County jury convicted the Defendant, Jayson Keith Johnson, of reckless homicide and introduction of contraband into a penal institution. At the sentencing hearing, the trial court found that the Defendant was a Range III, persistent offender. It also found that consecutive sentences were appropriate and sentenced the Defendant to an effective term of twenty years. On appeal, the Defendant argues that the trial court improperly imposed consecutive sentences. He also asserts that the State did not provide adequate pretrial notice that he would be subject to Range III sentencing. Upon our review, we hold that the trial court acted within its discretion in imposing consecutive sentences. However, we respectfully remand the case for the trial court to resentence the Defendant as a Range II, multiple offender.

**Tenn. R. App. P. 3 Appeal as of Right;**
**Judgments of the Circuit Court Affirmed in Part; Case Remanded**

TOM GREENHOLTZ, J., delivered the opinion of the court, in which J. ROSS DYER and JILL BARTEE AYERS, JJ., joined.

Marcus D. Noles, Camden, Tennessee, for the appellant, Jayson Keith Johnson.

Jonathan Skrmetti, Attorney General and Reporter; Ryan Dugan, Assistant Attorney General; J. Neil Thompson, District Attorney General; and Michael Thorne and Deven Wilson Whitfield, Assistant District Attorneys General, for the appellee, State of Tennessee.

# OPINION

## FACTUAL BACKGROUND

On October 3, 2022, a Benton County grand jury charged the Defendant with three counts of second degree murder as Class A felony offenses and one count of introducing methamphetamine into a penal institution as a Class D felony offense. The charges stemmed from the deaths of three individuals who allegedly overdosed on drugs that the Defendant brought into a jail where they were all incarcerated.

On February 7, 2023, the State filed a pretrial Notice of Intent to Seek Enhanced Punishment identifying the Defendant as a Range II, multiple offender. The State's notice identified two prior felony convictions: a Class B felony conviction for initiating the process to manufacture methamphetamine and a Class C felony conviction for the possession of a Schedule II drug with intent to sell or deliver.

Following a trial conducted in April 2023, a jury found the Defendant guilty of one count of reckless homicide, which is a Class D felony and a lesser-included offense of second degree murder. It also found him guilty as charged for introducing methamphetamine into a penal institution. The jury acquitted the Defendant on the two remaining counts of second degree murder.

The day after the jury's verdict, the State filed an amended notice of enhanced punishment, asserting that the Defendant qualified as a Range III, persistent offender. The amended notice, which was filed on April 6, 2023, identified three additional prior felony convictions, including two convictions for reckless endangerment with a deadly weapon and one for promoting the manufacture of methamphetamine. On June 20, 2023, the Defendant objected to the amended notice, arguing that the State's late filing failed to comply with the pretrial notice provisions of Tennessee Code Annotated section 40-35-202(a).

The trial court conducted a sentencing hearing on September 15, 2023. At the hearing, neither party presented any witnesses; however, the State offered the Defendant's presentence report, which included the validated risk and needs assessment. The report identified that the Defendant had prior convictions for domestic violence, violating protective orders, vandalism, unlawful possession of a weapon by a convicted felon, possession of methamphetamine for resale, and other drug-related offenses. Relevant to this appeal, the parties disagreed on the appropriate sentencing range and whether the sentences should be served consecutively.

After hearing arguments, the trial court reviewed the Defendant's prior criminal history from the presentence report.  Based upon the additional convictions identified in the State's amended notice of enhancement, and citing the trial court's duty to determine the appropriate range of punishment pursuant to Tennessee Code Annotated section 40-35-210, the court determined that the Defendant qualified as a Range III, persistent offender.

In considering whether the sentences should run concurrently or consecutively, the trial court found that the Defendant's criminal record was extensive and that he committed the offenses while on probation.  *See* Tenn. Code Ann. § 40-35-115(b)(2), (6) (2019).  The court imposed a sentence of ten years for each conviction and, aligning the sentences consecutively, ordered that the Defendant serve an effective sentence of twenty years in the Tennessee Department of Correction.

The trial court clerk filed the judgments of conviction on October 25, 2023, after which the Defendant filed a timely motion for a new trial.  The trial court denied the motion on April 11, 2024, and the Defendant filed a timely notice of appeal twenty-nine days later.

## ANALYSIS

In this appeal, the Defendant raises two issues, both related to his sentences.  He first argues that the trial court improperly imposed consecutive sentences.  He also asserts that the trial court improperly sentenced him as a Range III, persistent offender because the State's amended notice of enhancement was untimely pursuant to Tennessee Code Annotated section 40-35-202(a).  We address each of these issues in turn.

### A.   CONSECUTIVE SENTENCES

The Defendant first challenges the trial court's decision to impose consecutive sentences.  More specifically, he argues that the trial court did not rely upon "certified or original convictions" and that the current convictions were part of "one set of continuous actions."  In response, the State observes that the presentence report provided the trial court with a sufficient basis to find that the Defendant's record of criminal activity was extensive and that he was on probation at the time of the instant offenses.[1]  It also asserts that the Defendant has waived any argument that consecutive sentences could not be imposed due to inadequate briefing.  We agree with the State.

---

[1]     Although the Defendant was incarcerated at the time of the offense, he was being held on allegations that he violated the terms and conditions of a previously probated sentence.

### 1.  Standard of Appellate Review

When a defendant challenges the trial court's decision to impose consecutive sentences, we review that decision for an abuse of discretion accompanied by a presumption of reasonableness.  *See State v. Pollard*, 432 S.W.3d 851, 860 (Tenn. 2013). Thus, we defer to "the trial court's exercise of its discretionary authority to impose consecutive sentences if it has provided reasons on the record establishing at least one of the [ten] grounds listed in Tennessee Code Annotated section 40-35-115(b)[.]" *Id.* at 861. As our supreme court has recognized, "[s]o long as a trial court properly articulates reasons for ordering consecutive sentences, thereby providing a basis for meaningful appellate review, the sentences will be presumed reasonable and, absent an abuse of discretion, upheld on appeal." *Id.* at 862.

### 2.  The Defendant's Challenge to Consecutive Sentences

The process of imposing discretionary consecutive sentences pursuant to Tennessee Code Annotated section 40-35-115(b) involves two steps.  First, the trial court must find by a preponderance of the evidence that "the defendant qualifies for consecutive sentencing under one of the classifications" set forth in the statute.  *State v. Perry*, 656 S.W.3d 116, 127 (Tenn. 2022) (footnote omitted).  Second, the trial court must "then choose whether, and to what degree, to impose consecutive sentencing based on the facts and circumstances of the case, bearing in mind the purposes and principles of sentencing." *Id.*  Because the criteria for consecutive sentencing are stated in the alternative, "only one [ground] need exist to support the appropriateness of consecutive sentencing." *State v. Mickens*, 123 S.W.3d 355, 394 (Tenn. Crim. App. 2003).

In this case, the trial court imposed consecutive sentences for two reasons.  First, it found that the Defendant had an extensive record of criminal activity.  Tenn. Code Ann. § 40-35-115(b)(2).  It also found that the Defendant was being sentenced for offenses committed while on probation.  *Id.* § 40-35-115(b)(6).  However, despite the trial court's finding that two grounds supported consecutive sentencing, the Defendant challenges only the trial court's determination that he has an extensive record of criminal activity.  He raises no issue with—and has therefore waived any challenge to—the trial court's additional finding that consecutive sentences were proper because he was on probation at the time of the offenses.  *See State v. Bristol*, 654 S.W.3d 917, 923 (Tenn. 2022) ("[A]n appellate court's authority 'generally will extend only to those issues presented for review.'" (quoting Tenn. R. App. P. 13(b)).

Accordingly, because at least one unchallenged basis exists for the trial court's decision to impose consecutive sentences, we respectfully affirm the trial court's judgment in that regard.  *See State v. Whited*, No. M2005-00167-CCA-R3-CD, 2006 WL 548228, at

4

*17 (Tenn. Crim. App. Mar. 7, 2006) (affirming an order of consecutive sentences, when despite a challenge to the dangerous offender category, the defendants did not challenge the trial court's finding that the defendants were on probation at the time of the offenses), *perm. app. denied* (Tenn. Aug. 28, 2006); *State v. Muhammed*, No. E2003-01629-CCA-R3-CD, 2004 WL 1073889, at *16 (Tenn. Crim. App. May 10, 2004), *perm. app. denied* (Tenn. May 12, 2007) ("The trial court found that the defendant was on probation for a prior assault conviction at the time he committed the instant offenses, and he does not contest this fact. . . . Thus, even if the defendant's arguments were correct as to the finding he is a dangerous offender, the fact remains that he was on probation when he committed the present offenses."). The Defendant is not entitled to relief.

### 3. Consecutive Sentences Arising From "Single Episode" Offenses

The Defendant next asserts that consecutive sentencing was improper because the offenses were part of one continuous criminal episode. The entire argument on this point consists of a single sentence: "The events which made up the Defendant's convictions were all one set of continuous actions." The State responds that the Defendant has waived this argument due to "inadequate briefing." We agree.

"As an intermediate court of appeals, our function is principally to review and correct errors." *State v. Holmgren*, No. M2023-00795-CCA-R3-CD, 2024 WL 2891416, at *1 (Tenn. Crim. App. June 10, 2024), *no perm. app. filed*. In that role, properly conceived, we do not "sit as self-directed boards of legal inquiry and research, sallying forth each day looking for wrongs to right." *Bristol*, 654 S.W.3d at 924 (citations and alteration omitted). Instead, we rely upon the parties to identify the errors *they* believe were committed in the trial court and to show why *they* believe the law entitles them to relief on appeal. *See State v. Hamilton*, No. W2023-01127-CCA-R3-CD, 2024 WL 4130757, at *4 (Tenn. Crim. App. Sept. 10, 2024) (citing *Berry v. State*, 366 S.W.3d 160, 169 (Tenn. Crim. App. 2011)), *perm. app. denied* (Tenn. Feb. 20, 2025).

To resolve the Defendant's issue, we would have to construct the nature and extent of his arguments from the single sentence contained in his brief. Next, we would have to search the appellate record for relevant facts to support those arguments. We would then have to address (our own) constructed arguments in light of the applicable law and standards of appellate review. "Our role as an error correction court does not include—and perhaps does not even permit—our undertaking the efforts required by the Defendant's submission." *See id.* at *5 (citations omitted). As such, in the absence of any argument upon which we could conduct meaningful appellate review, we have no choice but to find that the Defendant has waived this issue. *See* Tenn. R. App. P. 27(a)(7); Tenn. Ct. Crim. App. R. 10(b). The Defendant is not entitled to relief on this ground.

**B.**     **NOTICE OF ENHANCED PUNISHMENT**

The Defendant next argues that the trial court improperly sentenced him as a Range III, persistent offender. More specifically, he asserts that he was not given the required statutory notice before trial that the State would seek to have him sentenced in Range III upon conviction. *See* Tenn. Code Ann. § 40-35-202(a) (2019). He contends that the State's pretrial notice would only have permitted the trial court to impose a Range II sentence and that the court improperly considered the State's amended notice to sentence him in a higher range.

In response, the State acknowledges the possibility of a split in authority regarding whether an amended, post-trial notice can permit a trial court to sentence in an enhanced range. However, it contends that the original notice substantially complied with the statutory requirements and that the Defendant was properly sentenced as a Range III, persistent offender. We agree with the Defendant.

### 1.     Standard of Appellate Review

The Defendant asserts that the State's notice of enhanced punishment was insufficient to place him on notice that it would seek to have him sentenced as a Range III offender. Issues involving the sufficiency of a notice of enhanced punishment are questions of law subject to de novo review. *See State v. Williams*, 558 S.W.3d 633, 639 (Tenn. 2018); *State v. Tidwell*, No. E2021-00711-CCA-R3-CD, 2022 WL 2443401, at *5 (Tenn. Crim. App. July 5, 2022), *perm. app. denied* (Tenn. Dec. 14, 2022).

### 2.     Statutory Framework for Enhanced Range and Notice

In Tennessee, a defendant's sentencing range is determined by considering two variables: the offense class and the defendant's offender classification. *State v. Menke*, 590 S.W.3d 455, 464 (Tenn. 2019). The offender classification has five separate "ranges" of increasing punishment, determined by the defendant's history of prior felony criminal convictions. *See State v. Bise*, 380 S.W.3d 682, 691 (Tenn. 2012); Tenn. Code Ann. §§ 40-35-105 to -109 (2019).

For example, a defendant may be classified as a Range II, multiple offender when he or she has a minimum of two prior qualifying felony convictions. *See* Tenn. Code Ann. § 40-35-106(a)(1). Among other things, a qualifying felony conviction for Range II purposes is one that is within either (i) the same offense class as the instant conviction offense; (ii) a higher class; or (iii) the next two lower felony classes. *See id.* Thus, if a defendant is sentenced for a Class B felony, an otherwise qualifying prior conviction for a

6

Class A, B, C, or D felony may be counted toward a Range II classification. However, a prior conviction for a Class E felony could not be counted, because "a Class E felony is not within the next two lower felony classifications." *See id.*, Sent. Comm'n Cmts.

Importantly, even if a defendant qualifies for sentencing in an enhanced range, the State has discretion not to seek that punishment. *State v. Purvis*, No. W2016-00386-CCA-R3-CD, 2017 WL 1192115, at *6 (Tenn. Crim. App. Mar. 30, 2017), *perm. app. denied* (Tenn. July 19, 2017). However, if the State intends to seek enhanced punishment, it must provide pretrial notice to both the court and the defendant in compliance with statutory requirements. *Id.* (citations omitted); *see also State v. Adams*, 788 S.W.2d 557, 559 (Tenn. 1990) ("The Legislature has expressly placed the responsibility of notice upon the district attorney, along with the discretion to seek enhanced sentencing."). These requirements are as follows:

> If the district attorney general believes that a defendant should be sentenced as a multiple, persistent or career offender, the district attorney general shall file a statement thereof with the court and defense counsel not less than ten (10) days before trial or acceptance of a guilty plea. . . . [The statement] must set forth the nature of the prior felony convictions, the dates of the convictions and the identity of the courts of the convictions.

Tenn. Code Ann. § 40-35-202(a); *see also* Tenn. R. Crim. P. 12.3(a) ("If the district attorney general intends to seek an enhanced punishment as a multiple, persistent, or career offender, the district attorney general shall file notice of this intention not less than ten (10) days before trial. If the notice is untimely, the trial judge shall grant the defendant, on motion, a reasonable continuance of the trial.").

According to the statute's plain language, when the State seeks punishment in an enhanced range, the notice must be filed *before* trial and must set forth "the nature of the prior felony conviction[s], the dates of the convictions, and the identity of the courts of the convictions." *State v. Livingston*, 197 S.W.3d 710, 713-14 (Tenn. 2006). As the comments to Rule 12.3 provide, the requirements of pretrial notice "will allow defense lawyers an opportunity to plan their trial strategy or engage in appropriate plea negotiations." Tenn. R. Crim. P. 12.3, Advisory Comm'n Cmts. Thus, where the State files a late notice, the defendant's remedy is a continuance of the trial itself "to rechart a course of action." *Id.*

The key issue in this case is whether the State can update its notice *after* the trial to identify new convictions that would result in a higher sentencing range. While the parties have not identified a case that has addressed the notice requirement in this precise context, several principles can be derived from our case law.

7

### a. General Rule Requiring Pretrial Notice

The general rule is simple: where the State seeks punishment in an enhanced range, it must give notice setting "forth the nature of *any* prior convictions which will later be utilized for sentencing enhancement purposes" at least ten days before trial. *See* Tenn. Code Ann. § 40-35-202, Sent. Comm'n Cmts. (emphasis added). Therefore, generally speaking, two basic principles are present.

First, when "no pretrial notice is filed at all, the trial court must sentence the defendant as a standard, Range I offender." *Williams*, 558 S.W.3d at 640; *State v. Ross*, No. W2006-01167-CCA-R3-CD, 2007 WL 3254436, at *7 (Tenn. Crim. App. Nov. 2, 2007) ("However, because the State completely disregarded the notice requirement, we must conclude that the trial court should have sentenced the appellant as a Range I offender and that the case must be remanded for resentencing."), *perm. app. denied* (Tenn. June 30, 2008).

Second, when the State gives pretrial notice of a particular range, but identifies the supporting convictions for the first time *after* trial, the notice is insufficient to support enhanced punishment. In that case, the trial court must also sentence the defendant as a standard, Range I offender. *See State v. Lee*, No. M2010-00103-CCA-R3-CD, 2011 WL 1085110, at *7 (Tenn. Crim. App. Mar. 23, 2011) (so holding where a range was specified in the original notice), *no perm. app. filed; State v. Shorty*, No. W2009-02284-CCA-R3-CD, 2010 WL 5313268, at *5 (Tenn. Crim. App. Dec. 20, 2010) (so holding where no range was specified in the notice), *no perm. app. filed*; *State v. Barnes*, No. W2003-02967-CCA-R3-CD, 2005 WL 331376, at *12 (Tenn. Crim. App. Feb. 11, 2005) (suggesting in dicta that the trial court could not consider convictions contained in an amended notice filed after trial), *no perm. app. filed*.

### b. Post-Trial Adjustments to the Notice: Waiver and Lack of Prejudice

However, although the law generally requires pretrial notice, there are at least three circumstances in which the State may make post-trial adjustments to its prior notice. First, the State may correct clerical errors in its pretrial notice sometime after trial, at least so long as the State adds no new convictions to the pretrial notice. *See State v. Peden*, No. M2015-01252-CCA-R3-CD, 2016 WL 5210765, at *16 (Tenn. Crim. App. Sept. 19, 2016), *perm. app. denied* (Tenn. Dec. 14, 2016) (allowing correction of errors in the offense dates listed in the original notice and noting, "Significantly, the State did not add any additional convictions to the amended notice that were not contained in the original notice."); *State v. Hadley*, No. W2014-00985-CCA-R3-CD, 2015 WL 5001166, at *6 (Tenn. Crim. App. Aug.

21, 2015), *perm. app. denied* (Tenn. Dec. 11, 2015) (allowing correction of the range specified in the notice where no new convictions were identified in the amended notice).

Second, the Defendant may waive the State's pretrial notice. Our courts have recognized the unremarkable principle that, where a defendant does not object, the State can make post-trial adjustments to its pretrial notice. Thus, for example, if a defendant does not object to the State adding new convictions to its notice after trial, the trial court may sentence the defendant within a higher range. *See, e.g.*, *State v. Murphy*, No. W2011-00744-CCA-R3-CD, 2012 WL 1656735, at *10 (Tenn. Crim. App. May 9, 2012) ("The defendant's failure to object to the Alabama convictions being used to enhance his range permitted the trial court to utilize those convictions for determining the appropriate range classification."), *perm. app. denied* (Tenn. Sept. 19, 2012); *State v. Harbison*, No. 03C01-9808-CR-00271, 1999 WL 804056, at *6 (Tenn. Crim. App. Oct. 6, 1999), *perm. app. denied* (Tenn. Apr. 10, 2000).

The same is true when the State substantially complies with its notice obligations but omits or misidentifies a detail of the required information. The State is not required to file a perfect notice, but fair notice is required. *See Livingston*, 197 S.W.3d at 713. Thus, when the State substantially complies with its statutory obligations, "an accused has a duty to inquire about an ambiguous or incomplete notice and must show prejudice to obtain relief." *Adams*, 788 S.W.2d at 559; *State v. Taylor*, 63 S.W.3d 400, 412 (Tenn. Crim. App. 2001) ("The supreme court specifically held that 'when the State has substantially complied with Section 40-35-202(a), an accused has a duty to inquire about an ambiguous or incomplete notice and must show prejudice to obtain relief.'").

To that end, we have recognized that where a defendant does not object or seek clarification of an ambiguous or incomplete notice, the State may clarify or adjust the notice after the trial.[2] These circumstances may occur in a few ways, such as the following:

- **Additional Convictions Listed:** When the State lists more convictions than necessary to support the noticed range, and the defendant does not object or seek clarification, the court may use the listed convictions to sentence the defendant in a higher range. *See Purvis*, 2017 WL 1192115, at *7.

- **Too Few Convictions Listed:** When the State lists fewer convictions than necessary to establish the noticed range, and the defendant does not object or seek clarification, the court may allow the State to identify additional

---

[2] We emphasize the supreme court's caution that "it is the State's responsibility to assert the appropriate sentencing status in the first instance, and it may not shift these burdens to an accused by filing what is essentially an empty notice." *Adams*, 788 S.W.2d at 559; *see also Taylor*, 63 S.W.3d at 412.

9

convictions after trial to meet the requirements of the initially noticed range. *See State v. Gooch*, No. M2011-01135-CCA-R3-CD, 2012 WL 4358195, at *11, 14 (Tenn. Crim. App. Sept. 25, 2012), *perm. app. denied* (Tenn. Feb. 15, 2013).

- **Incorrect Convictions Listed:** Where the State lists a conviction that does not involve the defendant, and the defendant does not object, seek clarification, or show prejudice, the court may permit the State to identify additional convictions after trial or a plea to establish the originally noticed range. *See State v. Mangrum*, No. 01C01-9508-CR-00259, 1996 WL 448132, at *3 (Tenn. Crim. App. Aug. 9, 1996).

Finally, the State can make post-trial adjustments to the noticed range when the defendant suffers no prejudice. One example of this circumstance can occur when a defendant is convicted of a lesser-included offense. Parties are always on notice that sentencing exposure will vary "depending on the actual verdict of the jury." *State v. Hines*, No. 01C01-9406-CC-00189, 1995 WL 316304, at *5 (Tenn. Crim. App. May 25, 1995), *perm. app. denied* (Tenn. Nov. 6, 1995). Thus, a prior conviction that could not be used to enhance the range for a Class A or B felony conviction, for example, may be eligible for that purpose when the sentence is for a lesser class offense. Accordingly, where the State's pretrial notice lists more convictions than are necessary to establish its noticed range, it may use those additional convictions to seek a higher sentencing range when the defendant is convicted of a lesser-included offense. *See id.*

### 3. The State's Post-Trial Notice in this Case

With these principles in mind, we conclude that the State's post-trial notice did not comply with Tennessee Code Annotated section 40-35-202(a). The State originally notified the Defendant that it would seek a sentence in Range II, and it identified two convictions that, if otherwise qualifying, would have established that range. This pretrial notice contained no ambiguity, and Defendant had no occasion to seek any clarification. *See Williams*, 558 S.W.3d 642.

Immediately after the trial, however, the State served an amended notice seeking sentencing in Range III and identified additional convictions to support that higher range. Although the State was aware of the additional convictions and could have identified them before trial, it did not do so. When the State served its amended notice, the remedy identified by Tennessee Rule of Criminal Procedure 12.3—a continuance of the trial—was no longer available. The Defendant also properly objected to the post-trial notice well in advance of the sentencing hearing. Under these circumstances, the State's amended, post-

10

trial notice did not comply with Tennessee Code Annotated section 40-35-202(a), and the trial court could not have relied upon it to sentence the Defendant in Range III.

Challenging this conclusion, the State asserts that it did not list these additional convictions earlier because they only became relevant for sentencing once the Defendant was convicted of lesser-included offenses. Thus, it argues, the statute only requires pretrial notice of convictions that could be used to enhance the range for the charged offenses. For two reasons, we respectfully disagree.

First, the State's argument ignores that the parties are always on notice that the defendant's sentencing exposure ultimately depends on the jury's verdict. *See Hines*, 1995 WL 316304, at *4. Defendants understand that prior convictions disclosed by the State can enhance a sentence for a lesser-included offense, even if those convictions were not relevant to sentencing for the charged offense. *Id.* The State shares this understanding, and nothing in the plain language of section 40-35-202(a) suggests that the State may selectively disclose some convictions before trial, while withholding others until after the verdict. To comply with the statute, the State must simply give pretrial notice of all prior convictions that could be used to enhance a defendant's range, accounting for both the charged offense and any lesser-included offenses.

Second, the State's argument ignores the Defendant's second charged offense, a Class D felony. As this offense was charged, each of the Defendant's five prior convictions was eligible to enhance his sentence to Range III upon conviction. However, as was its prerogative, the State notified the Defendant that it only sought punishment in Range II, and it identified only two of the Defendant's five eligible convictions for that purpose. *Purvis*, 2017 WL 1192115, at *6. When the jury returned a conviction on the offense as charged, the State then immediately disclosed additional convictions and sought sentencing in a higher range than originally noticed. Respectfully, this practice of *post-trial* notification did not even arguably comply with section 40-35-202(a) with respect to the second charged offense. *See Lee*, 2011 WL 1085110, at *7.

Ultimately, the State was aware of three facts when it served its original pretrial notice: (1) that the Defendant's actual sentencing exposure varied depending on the verdict of the jury; (2) that the Defendant had additional convictions that were not included in its pretrial notice; and (3) that the additional convictions could be relevant to an enhanced range of punishment if the jury returned a verdict on a lesser-included offense. The original notice was not ambiguous, and the Defendant properly objected to the amended, post-trial notice well before sentencing.

Under these circumstances, the State's amended, post-trial notice could not be used to enhance the Defendant's sentencing range. Accordingly, we respectfully remand the case for the trial court to resentence the Defendant as a Range II, multiple offender.

## CONCLUSION

In summary, we hold that the trial court acted within its discretion in imposing consecutive sentences. However, we also hold that the State's notice of enhanced punishment required by Tennessee Code Annotated section 40-35-202(a) was insufficient to support sentencing the Defendant as a Range III, persistent offender. As such, we respectfully remand the case to the trial court to sentence the Defendant as a Range II, multiple offender.

s/ **Tom Greenholtz**
TOM GREENHOLTZ, JUDGE